BLANCHE, Judge.
This suit arises out of an automobile accident which resulted in the death of plaintiff’s minor son, Thomas Wayne Robbins, and in injuries to her minor daughter, Mary Jane Robbins. Plaintiff’s petition alleges that Mary Jane Robbins was driving her mother’s vehicle in a northerly direction just north of Gonzales, Louisiana, on U. S. Highway No. 61 with the intention of making a left turn or “U” turn through a break in the neutral ground just north of a place of business located on said highway and known as the Colonial Drive-In. It is alleged that as Mary Jane Robbins reduced her speed to make the left-hand turn, a vehicle driven by the defendant, Izel Washington, collided with the rear of her vehicle and knocked it some 120 feet, overturning said vehicle. The defendant Washington was charged with negligence in not keeping a proper lookout and in failing to observe the car in front of him slowing to make a left turn.
The principal allegations of negligence against the defendant, Louisiana State Department of Highways, are contained in paragraphs seven and eight of plaintiff’s petition as follows:
"7.
“There have been numerous accidents at this same location on U. S. Highway 61, and in spite of repeated notifications to the Louisiana State Department of Highway[s], said Department has failed to construct a left turn lane or to take any other measures to alleviate the hazardous conditions of this section of U. S. Highway 61.
“8.
# * * * * *
“The defendant, Louisiana State Department of Highways, was negligent in:
“(a) Maintaining a careless and indifferent attitude as to the safety of motorists at this point on U. S. Highway 61;
“(b) Failing to take any steps to alleviate the hazardous conditions on the section in question of U. S. Highway 61;
“(c) Failing to construct a left turn lane at this point on U. S. High *342 way 61 after repeated notification of the great number of accidents at this location;
“(d) Failing to properly inform itself of the hazardous conditions and the great number of accidents occurring at this point of U. S. Highway 61;
“(e) Failing to warn motorists of the great number of accidents at that hazardous section of U. S. Highway 61;
“(f) With knowledge of the tremendous volume of left turning north bound traffic, going to Colonial Drive In, and knowledge of the numerous accidents and hazardous situation, failing to take proper action to alleviate this very dangerous situation.” (Plaintiff’s Petition, Record, pp. S, 6)
The defendant, Department of Highways, filed a peremptory exception of no cause of action to the petition of plaintiff which was sustained by the trial court. It is from this judgment that the appeal is taken.
Plaintiff does not allege that the highway is in any way defective. The import of plaintiff’s pleading, taken as a whole is, that the traffic on the highway at the place of the accident created a hazard which the Highway Department had a duty to alleviate.
We agree that the Department of Highways has the duty of maintaining highways in a safe condition, which includes the duty of providing proper safeguards or adequate warnings of a dangerous condition in the highway such as found in the case of McCallum v. State, Department of Highways, 246 So.2d 46 (La.App. 3rd Cir. 1971), where the Department of Highways failed to erect and maintain adequate signals on approach to a dangerous “T” intersection which dropped off into an open field eighteen inches lower than the highway, and in the case of Hall v. State, Department of Highways, 213 So.2d 169 (La.App.3rd Cir. 1968), where the Department failed to erect and maintain adequate warning signs or barricades at an extremely dangerous and trap-like hazard at an intersection where there was a sudden termination of the travelway into a deep and dangerous body of water. Both of these cases were relied upon by plaintiff but are factually distinguishable from the case at hand. The case here does not involve any defect in the highway but rather involves a motorist approaching a breakthrough in the neutral ground in order to make a left turn or “U” turn on a highway crossover.
We do not view the failure of the Department of Highways to erect a left-turn lane as amounting to negligence because the Department does not owe a duty to a motorist to protect him from the negligence of another. It may well be that in the interest of safety and convenience the construction of a left-turn lane at the place of the accident would be appropriate. However, we know of no statute or reported decision which places an affirmative duty to construct left-turn lanes at a highway crossover even though the accident rate at such crossovers may be indicative that traffic has created a hazardous situation. To the contrary, the law places a duty on the motorist rather than the Department to ascertain whether a left turn or “U” turn can be made in safety. LSA-R.S. 32:104 and R.S. 32:122.
For the above and foregoing reasons, the judgment sustaining the peremptory exception is affirmed. Plaintiff is assessed with all costs of this appeal.
Affirmed.