372 So.2d 1197 (1979)
Patricia C. RUE and Lloyd Rue, Jr.
v.
STATE of Louisiana, DEPARTMENT OF HIGHWAYS.
No. 63813.
Supreme Court of Louisiana.
June 25, 1979.
Rehearing Denied July 27, 1979.
Allen L. Smith, Jr., Plauche, Smith, Hebert & Nieset, Lake Charles, for plaintiffs-applicants.
Robert R. Roche, State Dept. of Transp. and Development, Office of Highways, Baton Rouge, for defendant-respondent.
CALOGERO, Justice.
This case presents the narrow legal issue of whether a motorist who inadvertently drives off a highway onto its shoulder and who loses control of her vehicle upon striking an admittedly dangerous rut in the shoulder is barred from recovery for her *1198 injuries by her negligence in leaving the paved surface of the highway.
The uncontroverted facts of this case are that the Department of Highways was negligent in failing to maintain the shoulder of the highway in a safe condition[1] and that plaintiff, who was presented no real or imagined emergency situation, drove her vehicle off the paved surface of the highway for no apparent reason.[2] The trial court and the Court of Appeal, relying on Hopkins v. Department of Highways, 167 So.2d 441 (La.App. 1st Cir. 1964), writ refused, 246 La. 885, 168 So.2d 268 (1964), concluded that the Department of Highways was negligent, but that plaintiff's conduct in leaving the highway, a legal cause of her injuries, was contributory negligence barring recovery.
*1199 In Hopkins the First Circuit held that in the absence of an emergency over which a motorist has no control and which is not of his own creation, "it constitutes negligence for a driver to permit his vehicle to leave the improved portion of a road or highway without reducing his speed and otherwise taking precautions to insure his retention of control thereof in the event he should encounter some unforeseen defect on the shoulder of the thoroughfare." That court reasoned that but-for plaintiff's inadvertence in allowing his vehicle to leave the paved surface, the accident would not have occurred, and because plaintiff's own negligence was a proximate cause of the accident, his recovery was barred.
Without specifically overruling Hopkins the First Circuit in Watson v. Morrison, 340 So.2d 588 (La.App. 1st. 1976), writ denied 342 So.2d 218 (1977) determined that the standard by which to establish whether the driver who leaves the paved surface is negligent is whether that driver is faced with an apparent emergency. In that case the Court of Appeal found that a driver who left the surface of the highway in an attempt to avoid what appeared to her to be an oncoming vehicle's encroaching over the center line was not negligent even though it was established that the other driver had not in fact crossed the center line. That Court found that a driver might reasonably leave the paved surface if he believed that he was faced with an emergency situation. See also, Robertson v. Handy, 354 So.2d 626 (La.App. 1st Cir. 1977).
This case presents a factual situation in which there was neither a real emergency (a Hopkins requirement) nor a perceived one (as in Watson). If the standard announced in Hopkins is applied, or even if minimally a perceived or seeming emergency as in Watson is required, plaintiff must be barred from recovery in this lawsuit. Assessing the opinion of the First Circuit Court of Appeal in Hopkins, that a motorist like plaintiff is negligent and proximately so in regard to the accident, requires that we examine plaintiff's conduct and her ensuing injury in the context of a duty risk analysis.
Under a simple "but-for" analysis the accident would not have occurred had either the Highway Department not been negligent in failing to maintain the shoulder or the plaintiff not been negligent (and for present purposes we assume her inadvertent meandering was negligence) in moving the vehicle onto the shoulder.[3] But this does not conclude the inquiry. Focusing on plaintiff's "substandard" conduct the question is whether the risk of injury from striking an unexpected, negligently maintained highway shoulder was a risk reasonably related to plaintiff's failure to drive entirely on the paved portion of the highway. We conclude that it was not. A motorist has a right to assume that a highway shoulder, the function of which is to accommodate motor vehicles intentionally or unintentionally driven thereon, is maintained in a reasonably safe condition. Conversely the Highway Department's duty to maintain a safe shoulder encompasses the foreseeable risk that for any number of reasons, including simple inadvertence, a motorist might find himself travelling on, or partially on, the shoulder.
We conclude that plaintiff's conduct if indeed it was substandard is no bar to her recovery of damages occasioned chiefly because the Highway Department negligently failed to maintain a safe highway shoulder. We therefore expressly overrule Hopkins v. Department of Highways, supra.
Because judgment below was for defendant, neither lower court reached the issue of the damages to which plaintiffs, Mrs. Rue and her husband, are entitled, although a record in this regard was made up in the trial court. Even though we have the entire case before us we deem it preferable to remand this case to the Court of Appeal for the purpose of assessing damages. See, Natal v. Phoenix Assurance Co. of New York, 305 So.2d 438 (La.1974); Jackson v. Gulf Insurance Company, 250 La. 819, 199 So.2d 886 (1967).

*1200 Decree

For the foregoing reasons the judgments of the district court and the Court of Appeal in favor of defendant are reversed and the case is remanded to the Court of Appeal for further proceedings consistent with this opinion.JUDGMENT OF DISTRICT COURT AND COURT OF APPEAL REVERSED; REMANDED TO THE COURT OF APPEAL.
SUMMERS, C. J., dissents.
NOTES
[1] As the Court of Appeal noted:

"The Department of Highways is charged by law with the duty of maintaining highways, or any parts thereof, in a safe condition. LSA-R.S. 48:1(11)(13), Pickering v. Washington, 260 So.2d 340 (La.App. 1st Cir. 1972), writs refused; 262 So.2d 43 (1972). The shoulders of a highway are a part of the highway system and therefore the duty of maintaining the shoulders of all state highways is likewise imposed on the Department. Hopkins v. State, Department of Highways, 167 So.2d 441 (La.App. 1st Cir. 1964), writ refused, 246 La. 885, 168 So.2d 268 (1964).
"The Department of Highways was negligent in failing to correct the hazardous rut on the shoulder of Louisiana 733 despite its actual and constructive knowledge of the defect. Robertson v. Handy, 354 So.2d 626 (La.App. 1st Cir. 1978), Hopkins v. Department of Highways, supra. Mrs. Rue would not have lost control of her vehicle had it not been for the rut at the highway's edge which constituted a hazard to the reasonably prudent driver."
[2] The facts as recited by the trial judge, including a finding that plaintiff's vehicle left the highway while she attempted to negotiate a curve to the left, were incorporated in the Court of Appeal opinion and are as follows:

"Lloyd Rue, Jr. and his wife, Patricia C. Rue, filed this suit against the State Department of Highways for damages sustained in an automobile accident.
"On the evening of May 9, 1976, an impromptu gathering of friends materialized at the home of Patricia and Lloyd Rue. During the course of the evening, at approximately 9:00 P.M., it became necessary for Mrs. Rue to make a trip to a grocery store for ice. Mrs. Rue was accompanied by Mrs. Theda Dugas, the middle front seat passenger; Lester Broussard, the right front seat passenger; Melisa Rue, the left back seat passenger; and Troy Rue, the right back seat passenger. She was driving a 1974, 4-wheel drive Blazer in a northerly direction on Louisiana Highway 733. Louisiana 733 is a five mile long, heavily travelled, two lane rural route connecting United States Highway 167 and Louisiana 92. It is blacktopped and divided by a middle lane.
"As Mrs. Rue attempted to negotiate a curve to the left, the right tires of the Blazer left the paved portion of Louisiana 733. As she attempted to regain the paved portion of the highway, her right front wheel struck a deep rut adjacent to a ragged, eroded edge of Highway 733. Upon striking the edge of the highway, Mrs. Rue lost control of the Blazer, causing it to cross Highway 733 and flip over several times in a field on the west side of the highway.
"The evidence does not indicate that Mrs. Rue was speeding on her approach of the unsuccessfully negotiated curve. The posted speed limit for the curve was 40 m. p. h. In her deposition, Mrs. Theda Dugas estimated Mrs. Rue's speed at the time she reached the curve to be 25 m. p. h.
"Neither Mrs. Rue nor Lester Broussard has recollection of the accident or events leading to it. The testimony of Melisa Rue, eleven years old, reveals that Mrs. Rue was driving normally when her right wheels went off the paved part of the highway. Melisa stated that she did not see any cars approaching or following their vehicle at the time of the accident nor did she hear talk about anything obstructing their negotiation of the curve. The deposition of Theda Dugas corroborates Melisa's testimony.
"Melisa testified that the adult passengers were talking light heartedly upon their approach of the curve. When asked at her deposition if `the vehicle just drifted off the road,' Mrs. Dugas responded `yes'. She indicated that Mrs. Rue was looking straight ahead and through the windshield as she approached the curve.
"Mrs. Dugas stated that Mrs. Rue did not appear to have had too much to drink. Mrs. Rue drank part of a small Miller's beer at approximately 4:00 P.M. and a half a glass of wine shortly before leaving for the store.
"Huey Clark, defendant's parish superintendent, testified that Louisiana 733 was inspected within three (3) or four (4) days prior to the accident. Superintendent Huey also stated that the drop off at the curve in question was dangerous.
"The accident occurred after dark."
[3] For a discussion of Prosser and the "but-for" test, see our recent decision in Lejeune v. Allstate Insurance Co., 365 So.2d 471, 477 (La. 1978).