405 So.2d 635 (1981)
Alma LeBLANC, Plaintiff-Appellee,
v.
STATE of Louisiana, LOUISIANA DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 8398.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
Rehearing Denied November 20, 1981.
*636 John W. King, Baton Rouge, for defendant-appellant.
Larry A. Roach, Lake Charles, for plaintiff-appellee.
Before CUTRER, STOKER and LABORDE, JJ.
LABORDE, Judge.
This is a personal injury case resulting from an automobile accident. Plaintiff, Alma Kelly LeBlanc, sues the Louisiana Department of Highways for damages she sustained as a result of a collision allegedly caused by the Department's negligence in maintaining a highway shoulder.
The trial court concluded that the Department breached its duty to maintain a reasonably safe shoulder and that the shoulder condition was a cause in fact of the accident. The trial court also concluded that Mrs. LeBlanc's contribution to her own injuries, made either through her inadvertence or bad judgment, was not sufficient to bar her recovery. Accordingly, judgment was rendered against defendant and plaintiff was awarded the total sum of $623,349.
The Department appeals the lower court's decision. Plaintiff answers the appeal requesting that the award be increased. Following the principles announced by the Louisiana Supreme Court in Sinitiere v. Lavergne, wherein the Court addressed a fact situation not unlike the instant case, we reverse.
The issues presented are as follows:
(1) Whether the Department was negligent;
(2) Whether Alma Kelly LeBlanc was negligent, and if so, whether her negligence bars her recovery;
(3) Whether the Department is strictly liable under Civil Code Article 2317; and
(4) Whether the damage award should be increased.

FACTS
On appeal, we take the liberty of adopting the facts as set forth by the lower court in its written reasons for judgment:
"The accident occurred on La. Highway 27 during daylight hours between mile post markers 18 and 19. Alma LeBlanc, plaintiff, was traveling northward on La.

*637 Highway 27 and reached a point in the road where a curve began in which the road changed from a northeasterly direction to a northerly direction. This resulted in a left turning curve to a north traveling driver. The curve was rounded and the angle was not remarkably acute.
La. Highway 27 in this stretch was a two-lane highway with asphalt surface and narrow shoulders covered with loose clam shell. On the outside of the curve (east shoulder) the roadway was some four to six inches higher than the shoulder.
On entering the curve, plaintiff accidentally drove her automobile off of the roadway onto the shoulder. She experienced the sensation of the dropoff. She testified that she pulled back onto the highway and lost control. The physical evidence of tire marks suggest[s] that she may have lost control while still on the shoulder. Nevertheless, upon regaining the surface of the highway, plaintiff could no longer control her automobile and turned sideways in the road where she was struck broadside by an automobile in the south-bound lane. Plaintiff's vehicle then entered a canal on the west side of the road."

NEGLIGENCE OF THE DEPARTMENT
Although it has been repeatedly stated that the Department is not a guarantor of the safety of travelers, it is equally settled that it nonetheless owes a duty to keep the highways and its shoulders safe for non-negligent motorists. As a result, liability based upon negligence is imposed whenever the Department is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time. LSA-R.S. 48:21(A); Edwards v. State, Department of Transportation and Development, 403 So.2d 109 (La.App. 3rd Cir. 1981); McDaniel v. State, Department of Transportation and Development, 398 So.2d 88 (La.App. 3rd Cir. 1981); Godwin v. Government Emp. Ins. Co., 394 So.2d 751 (La.App. 3rd Cir. 1981); Sinitiere v. Lavergne, 391 So.2d 821 (La. 1980); Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979); and Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3rd Cir. 1974), writ refused, 303 So.2d 182 (La.1974).
Considering the foregoing, we find no manifest or clear error in the trial court's conclusion that the level differential between roadway and shoulder of the curve in Louisiana Highway 27 created a dangerous condition amounting to a breach of the Department's duty to maintain the State's highways and shoulders in a reasonably safe condition.
We do note however that the trial court, in its written reasons, commented, "In view of the court's holding that prior notice is not a prerequisite to liability on the part of the department then it is unnecessary to evaluate the data which was presented on previous accidents to determine whether or not such should have constituted real or constructive knowledge on the part of the department." Under the applicable law and jurisprudence, prior notice, either actual or constructive, is a prerequisite to holding the Department liable for its negligent maintenance of the State's highways. Hence, the trial court fell into error by stating otherwise. Be that as it may, the record indicates that a four to six inch dropoff was easily observable (and in fact was observed by several motorists who testified during trial) such that the Department, if it did not know, should have known of this dangerous shoulder condition, thus satisfying the notice requirement.
In those actions premised on a negligence theory of recovery (LSA-C.C. Article 2315), the plaintiff must also prove that the defendant's negligence was a cause in fact of the plaintiff's injuries, i. e., that a proximate relation exists between the actions of the defendant and the harm which occurs, and that such relation is substantial in character. Using the "but-for" analysis employed by the Court in the Sinitiere case, "but-for" the Department's failure to correct the elevational difference between the *638 paved surface and its shoulder. Mrs. LeBlanc would not have encountered the risk of harm (collision) which resulted in plaintiff's injuries.

ALMA KELLY LEBLANC'S NEGLIGENCE
The Department pleaded the contributory negligence of Mrs. LeBlanc in bar of her right of recovery.
Motorists traveling upon Louisiana's highways are charged with exercising reasonable care in operating their vehicles. This duty of care encompasses the duties of keeping one's vehicle under control and maintaining a proper lookout for hazards which by the use of ordinary care and observation one should be able to see in time to avoid running into them. See Sinitiere v. Lavergne, supra, and cases cited therein.
In his reasons for judgment, the trial judge stated:
"Immediately before the accident, plaintiff was driving in a safe manner. It is not alleged nor was any proof offered that anything on the roadway forced the plaintiff to wander onto the shoulder. The court is left to conclude that the maneuver which caused Alma LeBlanc to go too far to the right and off of the paved roadway was the result of either inadvertence or bad judgment."
In spite of this conclusion, the trial court, citing Rue v. State Department of Highways, 372 So.2d 1197 (La.1979), concluded that Mrs. LeBlanc's substandard conduct would not bar her recovery.
In Rue, supra, the plaintiff-motorist inadvertently wandered onto the shoulder of the highway and struck a dangerous rut causing plaintiff to immediately lose control of her vehicle. In that case, the Supreme Court announced that a motorist's duty to drive reasonably does not encompass the risk of injury from striking an unexpected and unexpectable hazard resulting from a negligently maintained highway shoulder. This apparently broad holding in Rue, supra, was subsequently narrowed in the case of Sinitiere v. Lavergne wherein the Court explained:
"This language does not establish the highway shoulder as a `zone of recovery' for every straying motorist. Rather, it states the simple principle that the law will not automatically bar a person from recovery or charge him with liability vis-a-vis third parties where the law does not charge that person with actual or constructive knowledge of an avoidable danger. Thus, if a person is chargeable with knowledge of a shoulder defect that could cause serious injury and, nevertheless, disregards his own safety and the safety of others, the law considers his actions in leaving the main travel portion of the roadway to be a breach of his duty to himself and to the others who can reasonably be expected to be injured by his actions. See Rodgers v. Department of Highways, 376 So.2d 1295 (La.App. 2d Cir. 1979); Morrow v. Department of Highways, 377 So.2d 430 (La.App. 2d Cir. 1979)."
(Emphasis added.)
A review of the record convinces this court that Alma LeBlanc did breach the duty of reasonable care owed herself at the time she attempted to re-enter the highway's paved surface. Photos introduced into evidence reveal no obstructions on the shoulder to prevent plaintiff from gradually slowing her vehicle, to a complete stop if necessary, and then maneuvering it safely back onto the paved surface. Mrs. LeBlanc testified: "... I seen cars coming approaching me, so I stayed to my side; made sure I was over to my side, and then the next thing I knew there was a drop-off. I had stepped off of the ... dropped off of the highway, and I pulled ... quick pulled back up onto the highway, and I lost control, and that's all I ever remembered." (Tr. 279) Testimony by an expert in the field of vehicle dynamics and driver behavior supports that plaintiff's accident was caused by excessive oversteering.
We conclude that in addition to the Department's negligence which was a cause in fact of plaintiff's damages, Mrs. LeBlanc's actions after she left the pavement *639 and traveled onto the shoulder, equally constituted negligence which also was a cause in fact of the collision. Further, we hold that Mrs. LeBlanc's own negligence contributed substantially to the accident; therefore plaintiff is barred from recovering from the Department under a negligence theory of liability.

STRICT LIABILITY UNDER C.C. 2317
In the alternative, we must consider whether, as plaintiff asserts, the Department is strictly liable under Article 2317 of the Civil Code unless it can prove by a preponderance of the evidence that Alma LeBlanc was guilty of "victim fault".
Two recent decisions rendered by this court addressed this precise issue. In Godwin v. Government Emp. Ins. Co., supra, and Edwards v. Louisiana, Department of Transportation and Development, supra, this court, applying the law and jurisprudence to fact situations similar to the one here presented, determined that the elements of Article 2317 were satisfied: The highway at issue was in the care and custody of the defendant; it was defective at the time of the accident; the defect occasioned an unreasonable risk of injury; and the defect was a cause in fact of plaintiff's injuries. Thus the plaintiffs in both cases were entitled to recovery under Article 2317 unless their recovery was barred by an available defense to such an action. Victim fault is such an available defense and in the Edwards case, the court equated victim fault under Article 2317 to contributory negligence under Article 2315.
Applying these principles to the facts of the instant case, we hold that Mrs. LeBlanc's failure to exercise reasonable care in the operation of her vehicle once she left the travel portion of the highway amounts to victim fault thereby relieving the Department from liability for her damages under Article 2317.
The last issue regarding quantum is rendered moot by our holding on appeal.
For the above reasons, the judgment of the trial court is reversed and set aside and it is now ordered, adjudged and decreed that plaintiff's suit against defendant be dismissed with prejudice. It is further ordered that plaintiff-appellee is cast for all costs, both at the trial level and on appeal.
REVERSED AND RENDERED.