414 So.2d 1341 (1982)
Treiba McLEOD
v.
The PARISH OF EAST BATON ROUGE and the Department of Transportation and Development.
No. 14742.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Rehearing Denied June 23, 1982.
*1342 Robert W. Stratton, Baker, for plaintiff-appellant Treiba McLeod.
Burton P. Guidry, Larry S. Bankston, Asst. Parish Attys., Baton Rouge, for defendant-appellee Parish of East Baton Rouge.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
LOTTINGER, Judge.
This is an action ex delicto in which Treiba McLeod sued the Parish of East Baton Rouge and the Louisiana Department of Transportation and Development for personal injury damages sustained as the result of an automobile accident. The Louisiana Department of Transportation and Development was dismissed from the suit by motion for summary judgment, on the grounds that Irene Road is a parish road and is not a part of the state highway system. After a trial on the merits, judgment was rendered in favor of the defendant. Plaintiff has appealed devolutively. The granting of summary judgment in favor of the Department of Transportation and Development has not been contested on appeal.
*1343 The suit arose as the result of an automobile accident occurring on April 18, 1978. Treiba McLeod was driving a Volkswagen automobile on Irene Road in East Baton Rouge Parish in a northeasterly direction from the Mississippi River to Scenic Highway. Irene Road as it runs from the river is a gravel road for some distance and then has a blacktopped surface. The paved portion of the road contains a series of curves. While attempting to negotiate a right-to-left curve which was the second of the series, the plaintiff's vehicle left the roadway and went into a ditch. The car rolled along the ditch for some distance and then struck a culvert underlying an intersecting gravel driveway. The car was then sent airborne, striking several fence posts and ultimately impacting a utility pole.
As a result of this accident, Treiba McLeod was seriously injured and a passenger, Julia Eileen Rolls, was killed.[1] A second passenger, Ricky Wilson, was not seriously injured.
Treiba McLeod sued alleging that negligent design and maintenance of the road, road shoulder, and the intersecting driveway and culvert caused her to lose control of the automobile, resulting in the accident and accompanying injuries and damages.
The trial court found as fact that the plaintiff, by her own admission, had driven Irene Road 25 or 30 times and was very familiar with the road; that the plaintiff just prior to the accident had successfully negotiated an unmarked but much more severe curve; and that the physical evidence revealed that the plaintiff for no apparent reason failed to apply her brakes or alter her course or direction after leaving the road. Thus, the trial court found that the cause in fact of the accident was not a deficiency in design or maintenance of Irene Road, but was rather the failure of the plaintiff to control her vehicle and maintain it on the roadway.

SPECIFICATIONS OF ERROR
Plaintiff-appellant, Treiba McLeod, assigns the following specifications of error:
1) The trial court erred in concluding from the physical evidence that Treiba McLeod was negligent;
2) The trial court erred in applying the law to the facts adduced; and
3) The trial court erred in ruling that the East Baton Rouge City-Parish traffic engineers were competent to testify as experts.

I
Irene Road in East Baton Rouge Parish is a rural, low-volume road which runs between Scenic Highway and the Mississippi River with many curves. The curve in which the accident occurred was the second in a series of curves that are encountered as one travels northeast from the river and the road changes from gravel to blacktop.
The curve where the accident occurred is a right-to-left curve of moderate severity. Trial testimony indicated that the road through the curve has a variable width of 15 or 16 feet. The width of the road shoulder also varies, from 2-3 feet. The shoulders are firm and are level with the roadway. Immediately adjacent to the road shoulder on the right side is a drainage ditch, and beyond the ditch, a barbed wire fence. A gravel driveway intersects the curve near its end and a culvert underlies the gravel driveway to accommodate drainage. Trial testimony showed that the top of the culvert is slightly higher than the road shoulder, and the culvert is about six feet away from the road.
The curve is not marked with a curve warning and an advisory speed. The posted speed for Irene Road is 45 m. p. h. There are no delineators or guard rails along the curve. The plaintiff claims that the lack of curve warning with a reduced advisory speed caused her car to leave the road as it *1344 went around the curve. Plaintiff testified that the car was traveling at 20-25 m. p. h. at the time the car left the road. The accident occurred when the wheels of the car left the road as the car traveled the curve. The car went across the shoulder and into the ditch, then traveled along the ditch for a distance, striking the culvert and gravel driveway. The plaintiff claims that the failure to warn of the curve caused her car to leave the road, that the narrowness of the shoulder forced the car into the ditch, and that the culvert was higher than the road shoulder and thus constituted a hazard which prevented her from getting the car back onto the road.
From the physical evidence, the investigating deputy sheriff found that the car left the road 114 feet away from the culvert; that there were no skid marks which would indicate braking by the driver; and that the tracks left by the front wheels were in line with those of the back wheels, indicating that the car did not significantly change course or direction as it traveled along the ditch.
The plaintiff testified that she had driven Irene Road some twenty or thirty times and that she had always considered it a dangerous road. For this reason, the trial court found that the lack of a curve warning sign did not cause the plaintiff to drive off of the pavement. We agree with the trial court that a person becomes familiar with a road when he drives it many times, and that the lack of a warning sign did not cause plaintiff to miss the curve. This position is buttressed by the fact that just before the accident, plaintiff had successfully negotiated a left-to-right curve which was much more severe, and which was similarly unmarked.
The plaintiff argues that the narrow width of the road contributed to the accident. We do not find this to be the case, inasmuch as plaintiff's car was the only one on the road when the accident occurred. The car was not forced from the road by another vehicle, and could have used every available inch of pavement to negotiate the curve.
Plaintiff further contends that the failure to post an advisory speed for the curve was a contributing factor to the accident. The posted speed for the road is 45 m. p. h. The plaintiff's expert stated that the curve could be negotiated safely at 25-30 m. p. h. The defendant's experts stated that they safely negotiated the curve at 37 m. p. h. Deputy Maranto, a lay witness, stated that he has on one occasion negotiated the curve at 50 m. p. h., but that this was during an emergency. Yet, the plaintiff testified that the car was traveling at 20-25 m. p. h. when it left the road. This was a speed which all the experts agreed was safe. Taking the plaintiff's testimony at face value, we hold that the lack of an advisory speed did not cause the accident, because the lack of an advisory speed did not induce the plaintiff to take the curve at an unsafe speed.
The plaintiff also asserts that the narrowness of the road shoulder and the proximity of the ditch and culvert constituted a hazardous or defective condition of Irene Road. She argues that had the road shoulder been wider and had the ditch and culvert been farther away from the road, that she could have maintained control and maneuvered the car back onto the road.
The State Department of Highways issues a Uniform Traffic Manual to be used in conjunction with the state highway system. The defendant's experts stated that the manual is not binding as to parish roads, but admitted that the manual is sometimes referred to by the parish for guidance. The manual recommends road shoulders of three feet for rural, low-volume roads. Photographs introduced into evidence show that the road shoulder is about 2½ feet wide in the curve.
After a thorough examination of the evidence and the trial transcript, we hold that the shoulder and culvert were neither defectively designed nor maintained. Irene Road is a winding country lane with an open ditch next to it. The road is of a type that can be seen in every parish of the state. The shoulder is firm and even and is only slightly less wide than the recommended *1345 standard. The culvert which underlies the gravel driveway is a necessary component of open ditch drainage. Without the culvert, water could collect in the ditch after a heavy rain and flood the road, creating a hazardous condition. The reason that the culvert and ditch are only a few feet away from the road is that the private property of a Mr. Day lies on the other side of the ditch and barbed wire fence. The right-of-way for drainage is narrow; thus, the ditch is correspondingly near the road. This condition is a product of the development of Irene Road as a rural road and of the adjacent property, and the parish has labored under these confines since it took over maintenance and legal responsibility for the road in 1963. The top of the culvert does stand a few inches higher than the road shoulder, but the height of the culvert is apparently that which is necessary for proper drainage. For all of the above stated reasons, and after a thorough examination of photographs depicting the crash scene, we hold that the shoulder and culvert do not constitute such an unreasonable risk of harm so as to be labeled defective or hazardous.

II
Plaintiff-appellant states in brief that the trial judge erred in finding her to have been negligent. Such was not the ruling of the trial court. The trial court held merely that the plaintiff failed to prove that the crash was caused by any of the negligent conditions, defects, or hazards that were alleged by the plaintiff. Thus, because the defendant was not negligent and not liable under La.C.C. 2317 for a defective thing in its custody, judgment was rendered for defendant without ruling on the plaintiff's contributory negligence.
Plaintiff urges this court to apply Rue v. State Department of Highways, 372 So.2d 1197 (La.1979), to the case at bar. In Rue, the Supreme Court stated that a motorist has the right to assume that the highway shoulders are maintained in a reasonably safe manner in the absence of knowledge or reason to know of a defect. Thus, in Rue the court held that where a motorist inadvertently left the road and crashed after striking a dangerous rut in the shoulder, that her contributory negligence in having left the road would not bar her recovery.
Rue is readily distinguishable from the instant case. The shoulder in question contained no dangerous ruts; the shoulder was level, firm, and free from ruts or potholes. The only possible dangerous condition in the shoulder was its somewhat narrow width; however, we have held already that the width of the shoulder did not create an unreasonable risk of harm under the circumstances. Most importantly, since plaintiff drove Irene Road some twenty or thirty times, it can be assumed that she knew that the shoulders were somewhat narrow and that the ditch was present. Thus, even were we to hold that the narrowness of the shoulder was a hazard, plaintiff would be chargeable with knowledge of same and would have committed a breach of duty to herself and her passengers in having left the paved portion of the road. Sinitiere v. Lavergne, 391 So.2d 821 (La. 1980).
Finally, although the trial court did not so rule, the physical evidence leaves no doubt that substandard conduct by plaintiff caused the actual crash of the car. This evidence shows that plaintiff's auto left the roadway some 114 feet before the culvert, that the brakes were never applied and that no attempt was made to alter the path of the automobile. If the car was traveling at 20-25 m. p. h. as the plaintiff claims, it is inconceivable to us that the car could not have been safely slowed and brought under control prior to its hitting the culvert and driveway. Thus, the trial court was correct in holding that the cause in fact of the accident was the failure of plaintiff to maintain her vehicle on the roadway and to control the vehicle, and was not any deficiency in the design and maintenance of the road and shoulder.

III
Finally, plaintiff-appellant argues that the trial court erred in allowing the employees of the defendant to give expert testimony.
La.C.C. art. 2282 reads:

*1346 "The circumstance of the witness being a relation, a party to the cause, interested in the result of the suit, or in the actual service or salary of one of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility." (Emphasis supplied.)
Article 2282 does not differentiate between fact witnesses and expert witnesses. In Hebert v. Brazzel, 393 So.2d 135 (La. App.3rd Cir. 1980), affirmed 403 So.2d 1242 (La.1981), the Third Circuit stated that an employee of a party may qualify as an expert, although his credibility may be diminished under the circumstances, citing La.C.C. art. 2282.
When the traffic engineers employed by the defendant were qualified as experts, the trial judge overruled plaintiff's objections that they were incompetent to testify. The trial judge stated that he would weigh carefully the testimony of the defendant's employees, keeping in mind their employment relationship with the defendant. There was no challenge to the expertise of these witnesses. We find that the trial court followed the letter of Civil Code art. 2282 exactly, and that allowing the traffic engineers of defendant to testify as expert witnesses was not error.

DECREE
Therefore, for the above and foregoing reasons, judgment of the trial court in favor of defendant-appellee, Parish of East Baton Rouge, is hereby affirmed. All costs of this appeal are to be borne by plaintiff-appellant.
AFFIRMED.
NOTES
[1] This suit was consolidated at the trial level with a companion suit, Number 223,385 of the Nineteenth Judicial District Court, entitled, "Helen Bercegeay v. Parish of East Baton Rouge," Helen Bercegeay being the mother of the deceased, Julia Eileen Rolls. Judgment was rendered in favor of defendant in both suits. The two suits have not been consolidated on appeal.