DOUCET, Judge,
dissenting.
The movant is not entitled to judgment as a matter of law and genuine issues of material fact exist. La.C.C.P. Art. 966. R.S. 48:270 imposes a duty on defendant to maintain roads connecting state parks with adjoining highways. That Sam Houston State Park Road is such a road, within the meaning of the statute, is not seriously disputed. Accordingly, I respectfully dissent.
The following facts were stipulated to as accurrate in briefs filed before this court: The plaintiffs were traveling through Cal-casieu Parish and had stopped at Sam Houston State Park. They left their trailer at the park and went to a restaurant for dinner, and in returning to the park at approximately 9:00 P.M., were involved in a one vehicle accident when their automobile left the roadway and struck a pine tree. The accident occurred on Sam Houston Park Road, approximately two-tenths (2/io) of a mile south of the intersection of Sutherland Road and Highway 378 on a paved roadway between there and the State Park. At the point at which the accident occurred, the roadway makes an eighty (80 °) degree curve to the left and there are no signs or other warning devices. The Kappel vehicle struck a tree. As a result of the accident Walter Kappel suffered bruises and a concussion, had trouble with his right leg and knee, and Mrs. Kappel suffered cuts and bruises with subsequent vision problems as well as knee problems. Also, their vehicle was totalled.
Suit was timely filed on behalf of plaintiffs alleging the State was responsible for *1087 damages pursuant to Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979) and progeny.
The State responded by filing a Motion for Summary Judgment alleging its duty extended only to maintaining the enumerated highways in the State highway system, citing in support thereof La.R.S. 48:756, and that this highway was not an enumerated highway. The trial judge agreed.
A Motion for Summary Judgment is properly sustained only where “the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that mover is entitled to judgment as a matter of law.” La.Code Civ.Pro.Art. 966.
The applicable statutory law concerning the Department’s responsibility for roads is set forth in LSA: Title 48, as follows:
§ 270. Construction and maintenance of park roads[1]
The department shall construct, maintain, and improve roads, whether hard surfaced or otherwise, within state parks and connect such park sites with existing highways.
Amended by Acts 1968, No. 551, § 1. (emphasis added)
§ 756. No work on parish roads by state department of highways[2]
The state department of highways shall perform no work on the parish road system or on any other roads or streets which are not in the state highways system, whether such work is construction or maintenance and whether the work is done at the expense of the state or the expense of the governing authority of the parishes. In an emergency as found and declared by the governor, the governor may expend state funds on parish roads. Provided, however, that the department of highways may stripe parish roads upon the request of any parish, with the parish bearing the cost of said striping, when in the opinion of the director surplus manpower and equipment are available and the purchase of new equipment is not required. Acts 1974, No. 336, § 1; Acts 1976, No. 390, § 1. (emphasis added)
The State highways system is defined at R.S. 48:191. Sam Houston Park Road is not among the roads enumerated in R.S. 48:191, however, the functions of the Department extends, inter alia, to construction, maintenance and regulation of “public highways, roads and other transportation-related facilities as may be conferred on the department by applicable law.” R.S. 48:21(A).
Appellee contends, and the majority agrees, that R.S. 48:756 precludes liability where the road involved is one for which the Department is responsible under the terms of R.S. 48:270. I disagree. R.S. 48:270 imposes a duty of maintenance with regard to state park roads and connecting roads thereto.[3] On the other hand, the language of R.S. 48:756, both as written on the date of the accident and as amended, does not support the conclusion that the legislature sought to exempt the state from responsibility for state park roads. Such a construction is consistent with the rule that statutes in pari materia should be construed with reference to each other and in a manner as to give effect to each. La.C.C.Art. 17. R.S. 48:270 imposes a duty; plaintiff alleges defendant breached that responsibility. The thing which allegedly caused the damage was in the custody of defendant within the meaning of La.C.C.Art. 2317 and Rue et seq., supra.
The majority opinion notes that the petition refers to “Sam Houston Park Road” and implies therefrom an ambiguity as to *1088 whether any such State Park or a road connecting thereto exists. The aforementioned stipulation indicates otherwise and it is axiomatic that doubts should be resolved against denying a litigant a full trial on the merits. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App.3rd Cir.1974); Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La. App.3rd Cir.1982). Assuming arguendo chat an ambiguity indeed exists, certainly a district judge for the Parish of Calcasieu could take judicial notice of such common knowledge as the existence of the only State Park in Calcasieu Parish and the location of streets relative thereto, cf. Poland v. Dreyfous, 48 La.Ann. 83, 85, 18 So. 906 (La.1896). Even if one supposes that petitioner’s counsel was remiss in filing opposing affidavits, the sanction imposed by the majority denies the innocent plaintiffs their day in court — a result I cannot concur in under the circumstances.
For the reasons assigned hereinabove, I respectfully dissent.

. The prior statute and source of R.S. 48:270 made the Department’s duty discretionary, dependent upon request by Resolution of the State Park’s Commission. R.S. 48:270 was repealed by Act 245 of 1982, infra at footnote 2, however, its substance was retained in amendment to R.S. 48:756.

. Subsequent to the accident and trial court action complained of herein, R.S. 48:756 was amended to expressly provide for the Department to construct, maintain and improve roads within and connecting state parks. See House Bill 385, Act 245, La. Session Law Service 1982, vol. 3, p. 1025.

.Pursuant to La.C.C.P.Art. 1391 the trial court should have taken judicial notice of R.S. 48:270 and its application.