462 So.2d 1337 (1985)
Sharon Ruth GRAPPE, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPT. OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 84-49.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied April 12, 1985.
*1338 Thomas L. Crabson, Asst. Gen. Counsel, Baton Rouge, for defendant-appellant.
John Makar, Natchitoches, Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KING, JJ.
KING, Judge.
This is a suit for damages, brought against the State of Louisiana, Dept. of Transportation and Development, for injuries received by plaintiff, who was a guest passenger in a vehicle driven by Miss Mary Janette Graham, as a result of a one vehicle automobile accident which occurred when Miss Graham's vehicle left the state highway, encountering a low highway shoulder and loose gravel on the highway shoulder, and subsequently went out of control.
This case was consolidated for trial with the suit of Mary Janette Graham v. State of Louisiana, through the Department of Transportation and Development, Number 49-223 on the trial court docket. These suits remained consolidated on appeal and, since the law and relevant facts are common to both, our opinion here is equally applicable. However, we render a separate judgment in the consolidated case of Graham v. State of Louisiana, through the Department of Transportation and Development, ___ So.2d ___ (La.App. 3rd Cir.1985).
This appeal arises out of a one-car accident which occurred on May 26, 1980, *1339 around 5:30 P.M., on Louisiana State Highway 9, in Natchitoches Parish. The case involves a "defective shoulder" along a state highway. As a result of the accident plaintiffs, Mary Janette Graham and Sharon Ruth Grappe, were seriously injured. They filed suits against the Louisiana Department of Transportation and Development (DOTD), alleging that DOTD was negligent in failing to maintain the roadway and shoulder and in permitting the shoulder to be dangerously lower than the roadway. They also alleged that DOTD was negligent in failing to post signs to warn drivers of a low shoulder and for leaving the shoulders in an unfinished condition. The trial judge rendered judgment in favor of the plaintiffs. DOTD appealed. Sharon Ruth Grappe answered the appeal seeking to increase the award for pain and suffering to twice the amount awarded. We affirm.

FACTS
On the day of the accident, the plaintiffs had been enjoying the Memorial Day holiday at a lake near Saline, Louisiana. At the beach, they had a picnic where each of the girls consumed two or three beers during the course of the day.[1] They remained at the lake until approximately 5:00 P. M., when they left to return home. It was on the trip home that the accident occurred.
At the time of the accident, Miss Graham was proceeding South on Louisiana Highway 9, accompanied by her friend, Miss Grappe. Miss Graham testified that she had traveled this road at least once a week during the summertime for the preceding five years. She testified that this was one of the first times she had traveled this road since the previous summer and that the traveled roadway surface had an even surface and there were no potholes or defects. She estimated her speed to be between 50 and 55 miles per hour in a speed limit zone of 55 miles per hour. Miss Graham stated the area on which they were traveling appeared to her to have been recently resurfaced. Miss Graham testified that she did not know that the shoulders had not been raised to the level of the new roadbed. Testimony and photographs subsequently introduced at trial indicate the shoulder was at least six to eight inches lower than the traveled roadway surface. Sharon Graham's brother, Maurice Pardee, observed the area following the accident, and also observed and took pictures of the drop-off and noted there were no "low shoulder" signs present.
While traveling on a straight and level portion of the highway Miss Graham's vehicle, or the right wheels of the vehicle, inadvertently left the roadway surface and the vehicle traveled approximately 125 feet on the low shoulder. As she attempted to gradually reenter the roadway her vehicle encountered loose gravel on the shoulder, went out of control, crossed the highway and ran over a small concrete culvert in a driveway. Her car then rolled over at least once before striking a large pine tree and coming to rest. Both Miss Graham and Miss Grappe were thrown from the vehicle and suffered serious injuries.
A state trooper called to the scene immediately after the accident was the only witness to testify for the DOTD. The trooper made an estimate of the speed of the Graham vehicle at the time of the accident and testified that there were no low shoulders in the area of the accident. The trial judge found that his testimony was unreliable and apparently did not accept it as evidenced by a quote from his opinion:
"The only defense witness was State Trooper Donald R. Shropshire, who testified that when he arrived at the scene and investigated the wreck, he found that the vehicle being driven by Ms. Graham was traveling North, and that all other aspects of his testimony concerning his investigation was as true and accurate as this statement concerning the direction that Ms. Graham was driving.

*1340 "The truth of the matter was that Ms. Graham was not going North, she was traveling South.....
"The trooper further testified inaccurately as to the particular type of vehicle Ms. Graham was driving at the time of the accident."
After trial on the merits, the trial judge found the shoulder was defective and was the sole and proximate cause of the accident. The trial judge found that Miss Graham was not negligent. In his reasons for judgment, the trial judge stated:
"The Court finds that she was driving at a reasonable rate of speed; she was not inattentive or distracted, and that the sole and proximate cause of the accident was the negligence of the State of Louisiana, Department of Transportation and Development, in maintaining an unsafe highway; that Ms. Graham was not negligent in any manner."
Judgment was rendered, awarding Miss Graham $42,543.60 and Miss Grappe $75,256.49, with $12,500.00 included in each award for pain and suffering. The court also awarded intervenor, State Farm Mutual Automobile Insurance Company, the insuror of the Graham vehicle, the sum of $18,767.60 that it had paid on behalf of plaintiffs.
From that judgment, DOTD appeals, alleging the trial court erred in:
(1) Finding a defect;
(2) Finding the condition of the highway was a proximate cause of the accident;
(3) Failing to find Miss Graham's action were the sole and proximate cause of the accident; and
(4) The amount of damages awarded to plaintiffs.

ERROR NO. 1
An abrupt drop-off between a roadway and shoulder constitutes a defect. LeBlanc v. State Dept. of Highways, 419 So.2d 853 (La.1982); Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir.1984). The DOTD has the basic responsibility for maintenance of all highways and highway shoulders in the state highway system. LSA-R.S. 48:21, 191; Palermo v. Allstate Ins. Co., 415 So.2d 437 (La.App. 1st Cir. 1982); LeBlanc, supra. The duty to maintain reasonably safe highways and shoulders extends to the protection of those people who may drive onto the shoulder inadvertently having no knowledge or reason to have knowledge of a defective condition of the shoulder that would make such action hazardous. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979). This duty includes passengers in vehicles that stray from the road. Sinitiere, supra. Although the exact depth of the drop-off was not determined, the trial judge determined that the plaintiff's photographs "clearly show a substantial dropoff on Highway 9, with several inches in variation between the blacktop surface and the shoulder of the road." We agree with the trial judge that the drop-off constituted a defect in the highway.

ERROR NO. 2
Causation is a question of fact as to which the trial court's determinations are entitled great weight and should not be disturbed absent manifest error. Rivet v. State, through Dept. of Transp., 434 So.2d 436 (La.App. 3rd Cir.1983); Smith v. State, through Dept. of Transp., etc., 412 So.2d 685 (La.App. 3rd Cir.1982), writ den., 413 So.2d 907 (La.1982).
We next consider whether the defective shoulder was the proximate cause of the accident. It is well established that DOTD is charged with the duty of maintaining highway shoulders in a safe condition. McSweeny v. Dept. of Transp., etc., 442 So.2d 659 (La.App. 1st Cir.1983); LeBlanc v. State Dept. of Highways, supra; Palermo v. Allstate Ins. Co., supra. We find DOTD's duty of maintaining the shoulder of state highways encompasses the risk that a driver who is operating a vehicle within the posted speed limit might inadvertently leave the roadway, drop off onto the shoulder and lose control of the vehicle. In Rue, supra, the Supreme Court held:

*1341 "[T]he Highway Department's duty to maintain a safe shoulder encompasses the foreseeable risk that for any number of reasons, including simple inadvertence, a motorist might find himself traveling on, or partially on, the shoulder." Rue v. State Dept. of Highways, 372 So.2d 1197 (La.1979).
Both plaintiffs testified about the loose gravel on the shoulder. The photographs in evidence confirm the presence of loose gravel on the shoulder. Mrs. Graham testified that as she started to gradually re-enter the roadway that the car hit loose gravel on the shoulder and that made her lose control. This testimony is uncontradicted.
The risk encountered by the plaintiffs, the loss of control of their vehicle after inadvertently dropping off the traveled roadway surface of the highway onto a low shoulder and then encountering loose gravel when trying to reenter the traveled roadway surface, is exactly the type of danger which could be caused from such road conditions and is exactly why a highway shoulder should be maintained in a reasonably safe condition so a motorist's inadvertent deviation onto it will not lead to disastrous consequences. We do not find that the trial judge's conclusion that the hazardous condition of the highway was the cause in fact of the accident is manifestly in error.

ERROR NO. 3.
Defendant contends that Miss Graham was negligent in re-entering the roadway and that her negligence was the proximate cause of the accident. See Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Thomas v. Jackson, 442 So.2d 1186 (La.App. 2nd Cir. 1983); Edwards v. State, Dept. of Transp. & Dev., 403 So.2d 109 (La.App. 3rd Cir. 1981); Godwin v. Gov't. Emp. Ins. Co., 394 So.2d 751 (La.App. 3rd Cir.1981). A reading of these cases show that in each instance the court found the drivers' actions substandard in "negligent re-entry" from the low shoulder. In other cases the court has apparently not found the drivers' actions in entering the roadway from a low shoulder substandard and allowed recovery. Cullivan v. State Farm Mut. Auto. Ins. Co., 428 So.2d 1231 (La.App. 3rd Cir. 1983); Murphy v. La. Dept. of Transp. & Dev., 424 So.2d 344 (La.App. 1st Cir.1982); McDaniel v. State, Dept. of Transp. & Dev., 398 So.2d 88 (La.App. 3rd Cir.1981). In still other cases the Louisiana courts have allowed recovery to a driver entering the roadway from a low shoulder where there has been a low shoulder and a defect in the shoulder itself. Cf. Rue v. State, Dept. of Highways, 372 So.2d 1197 (La. 1979); Palermo v. Allstate Ins. Co., 415 So.2d 437 (La.App. 1st Cir.1982).
The Louisiana courts have recognized that prudent behavior for a motorist who inadvertently drives off the paved roadway onto a low shoulder is to attempt a gradual re-entry after he has regained control of his vehicle. See Pitre v. Aetna Ins. Co., et al, 456 So.2d 626 (La.1984); LeBlanc v. State, supra; Sinitiere v. Lavergne, supra.
We have carefully reviewed the evidence presented in the record in this case and we are unable to conclude that the trial judge's finding that Ms. Graham was not negligent is manifestly erroneous. We thereby adhere to this finding of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Cullivan v. State Farm Mut. Auto. Ins. Co., supra.
Therefore, we reject defendant's assertion that Miss Graham's actions were the sole and proximate cause of the accident and find that the defective low shoulder and loose gravel on the shoulder, of which she had no knowledge, were the proximate cause of the accident. The trial judge found as a fact that the negligence of DOTD in failing to maintain a safe highway was the cause in fact of the accident. From our review of the record, we cannot conclude that the trial judge's determination relative to causation of the accident is clearly wrong.

ERROR NO. 4
The initial inquiry in reviewing an award of damages is directed at determining whether or not the trial court's award for the particular injuries is a clear abuse of the trier of fact's "much discretion." *1342 Reck v. Stevens, 373 So.2d 498 (La. 1979). From our careful review of the record, we cannot conclude that the trial judge clearly abused his "much discretion." LSA-C.C. art. 1934(3).
As a final matter, the trial court committed an error by failing to include Miss Grappe's $105.00 ambulance fee. In discharging our duty of rendering any judgment which is just, legal, and proper upon the record on appeal, we must correct that error. Woods v. Ratliff, 407 So.2d 1375 (La.App. 3rd Cir.1981); LSA-C.C.P. art. 2164. The judgment of the trial court is amended to increase Miss Grappe's award by $105.00.
For the reasons assigned, the judgment of the trial court is amended and affirmed at defendant-appellant's costs.
AMENDED AND AFFIRMED.
STOKER, J., concurs and assigns written reasons.
DOMENGEAUX, J., concurs in the result.
STOKER, Judge, concurring.
I concur in the affirmance of the trial court's liability on the part of the State on the basis that the State, through the Department of Transportation and Development, allowed a defect to exist in its shoulder in the form of loose gravel at the point at which Mary Janette Graham attempted a reentry to the highway. I do not believe that plaintiffs in the two cases involved here have shown any causal connection between the accident and the drop-off at the point where Graham's car left the highway. Apparently Graham maneuvered her vehicle for 125 feet without mishap or losing control. In this respect the facts resemble those of Pitre v. Aetna Insurance Company, Inc., 456 So.2d 626 (La.1984). In that case the Supreme Court found no causation where the driver did not lose control in running off of the highway at the point where there was a dangerous drop-off and successfully ran along a road shoulder which was firm and smooth.
On the other hand, no fault or negligence on the part of Graham has been shown with reference to her attempt at reentry to the highway. Her negligence in leaving the highway initially is simply not counted against her under the duty-risk analysis announced in Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979) and which has been applied in numerous road shoulder cases since that case was handed down by the Louisiana Supreme Court.
There is some contention that Graham had failed in her duty to slow her vehicle to a safe speed before attempting reentry. The Louisiana Supreme Court recently stated in Pitre v. Aetna Insurance Company, Inc., supra:
"Prudent behavior for a motorist who inadvertently drives off the paved roadway onto the shoulder is first to reduce speed and then to attempt a gradual reentry after he has regained control of the vehicle."
Just as the plaintiffs must prove causation with reference to a dangerous drop-off from roadway to shoulder and an accident, the State as a defendant must prove causation with reference to alleged excessive speed at the time of attempted reentry. The trial court evidently found no such causation, and there is no basis for holding it was clearly wrong. Therefore, inasmuch as Graham was not at fault, the question is whether the State was at fault in the maintenance of its shoulder at the point of reentry which was a cause in fact of the accident. (The question of whether Graham was at fault in connection with her reentry and whether the State was at fault as just noted is relevant to Grappe's case as well as Graham's.) Should it have been found that Graham was at fault and that her fault was the sole cause of the accident, Grappe could have no recovery against the State.
As I see it, the trial court was not clearly wrong in finding liability on the part of the State, at least as to allowing the loose gravel to be present at the point of reentry. At the point where Graham might have reasonably anticipated that she could return to the roadway, and did attempt to do so, she encountered the loose gravel. The *1343 trial court's finding necessarily includes a finding that the loose gravel was a defect in highway shoulder maintenance at this point in question. Also necessarily included is a finding that Graham was not aware of the defect consisting of the loose gravel and could not have reasonably been expected to see and appreciate the gravel as a source of danger which might cause her to lose control if she were to maneuver onto the highway in the gravel. Therefore, Graham was not at fault with respect to the reentry.
For the foregoing reasons, I concur in the result reached by the majority.
NOTES
[1] In this regard, it should be noted that the trial judge dismissed any influence of alcohol as a contributing factor in the accident by stating that Miss Graham was not inattentive, distracted, or at fault.