KLIEBERT, Judge.
The original appeal of defendants, the State of Louisiana, through the Department of Transportation and Development (DOTD), Leona Hill and her insurer, Cumis Insurance Society, Inc. (Cumis), from a judgment casting them in damages for the wrongful death of Peggy Sue Murphy has been dismissed by all parties. We pass only on the remaining appeal, i.e., that of Leona Hill and her guest passengers, Bobby Hill, Eddie Hill, Theresa Alexander, Tina Alexander and Patsy Alexander (Hill group). Here they contend the trial court erred in holding Leona Hill at fault in the accident and in failing to render a judgment in their favor for the damages sustained by them. For the reasons hereinafter stated, we affirm the trial court.
On May 7, 1982, at approximately 9:50 P.M., decedent, Peggy Sue Murphy, with her guest passenger, Margaret Skinner, was driving north (towards Luling) on Louisiana Highway 52, a/k/a Paul Mallard Road, Parish of St. Charles. At the same time, defendant, Leona Hill, with her guest passengers, Bobby Hill, Eddie Eugene Hill, Theresa Alexander, Tina Alexander and Patsy Alexander, was driving south on Louisiana Highway 52 (towards Boutte). When the two vehicles reached a point approximately 226 feet from the intersection of LA 52 and Turner Street, the Hill vehicle and the Murphy vehicle collided. The collision resulted in the death of Peggy Sue *385 Murphy and relatively minor injuries to defendant Leona Hill.
The trial court absolved the operator of the Murphy vehicle from fault, found Leona Hill and the DOTD to be the cause in fact of the accident, but rejected the claims of the Hill group for damages.
In the lower court and here it was generally accepted by all parties that the Hill vehicle crossed the center line of the roadway and collided with the on-coming Murphy vehicle. Thus, the disagreement was over what caused the Hill vehicle to cross the center line. The trial court concluded the Hill vehicle went off the roadway onto the shoulder of the road and in attempting to pull back onto the blacktop, the operator lost control of the vehicle causing it to cross the center line of the roadway into the path of the Murphy vehicle.
Accordingly, on appeal no serious issue is raised over the trial court’s conclusion the operator of the Murphy vehicle was without fault. Additionally, counsel for the Hill group does not seriously dispute the trial court’s finding as to the cause of the accident but rather urges that under the holding of LeBlanc v. State, 419 So.2d 853 (La.1982), Leona Hill and her guest passengers should not be precluded from recovering from the DOTD.
The LeBlanc case is distinguishable from the present case. In LeBlanc the issue was whether the inattention of the driver in allowing her vehicle to stray from the roadway onto a dangerously low shoulder followed instinctively by her immediately swerving back into the elevated road surface, from a 4 to 6 inch deep rut, precluded her from recovering for her injuries. Here, the operator of the Hill vehicle offered no explanation as to why her car went across the center line of the highway and specifically denied she ran off of the roadway onto the shoulder. Rather, she maintained the Murphy vehicle had come into her lane of traffic. The physical evidence however showed her car did go off of the blacktop and then returned to the roadway out of control. There is no explanation as to why or what caused the Hill vehicle to go off the roadway.
In Pitre v. Aetna Ins. Co., Inc., 456 So.2d 626 (La.1984) the supreme court said “Prudent behavior for a motorist who inadvertently drives off the paved roadway onto the shoulder is first to reduce speed and then to attempt a gradual reentry after he has regained control of the vehicle.” The physical evidence here indicates the operator of the Hill vehicle did just the opposite; i.e., after going off the roadway she did not reduce speed and immediately attempted to pull back onto the roadway and in so doing lost control of her car, thus accentuating the defect (the rut) in the shoulder. There is evidence from which one can conclude the rut was from 2" to 4" in depth and the point at which the Hill vehicle returned to the roadway the rut was two inches or less. Hence, we cannot say the trial court erred in denying her claim for damages.
The negligence of the operator of the Hill vehicle, however is not imputed to the guest passengers in the Hill vehicle. Therefore, once the conclusion was drawn that the operator of the Murphy vehicle was not negligent and the DOTD was negligent or strictly liable for a defect in the roadway, which was a cause in fact of the accident, the guest passengers in the Hill vehicle were entitled to recover proven damages from the DOTD because passengers in vehicles involved in accidents caused by defects in the highways are within the ambit of the duty owed by the DOTD to the motoring public to properly design, construct and maintain highways. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979); Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
However, we need not consider the liability of the DOTD here, for the guest passengers in the Hill vehicle have failed to prove their damages by a preponderance of the evidence. Although we have carefully searched the record, the only indication of any injury to the guest passengers are some rather vague statements by Patsy Alexander and Leona Hill that the passen *386 gers were in the car and had scratches or blood on them or were shook up. Further, although the record contains exhibits which purport to be bills for medical expenses or hospital records of the guest passengers, which were marked for identification as Hill 1 thru 5, we do not find where these were admitted into evidence by stipulation or otherwise. Since the insurer of Leona Hill was not made a defendant, the trial court did not and we do not pass on the question of whether the medical expenses are recoverable under the medical expense provisions of Leona Hill’s liability policy. Consequently, we believe the trial court properly dismissed the guest passengers’ claim with prejudice.
All costs of the appeal are to be borne by the defendants.
AFFIRMED.