JOHNSON, Justice,
dissents and assigns reasons.
_JjThe majority concludes that DOTD’s duty to maintain the State’s highways did not extend to Jesse Brooks since he was driving a backhoe on the shoulder of Highway 30 when it overturned, causing his death. I agree with the appellate court which concluded that the general duty owed by DOTD extends to all self-propelled vehicles that travel the highways of the state. LSA-R.S. 32:1(40). This Court has held that the State has a duty to maintain its highways and shoulders, and this duty encompasses the foreseeable risk that a driver might inadvertently find himself traveling on the highway shoulder, lose control of his vehicle, and suffer injury. See, Lasyone v. Kansas City Southern R.R., 00-2628 (La.4/3/01), 786 So.2d 682; Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979). This duty extends not only to prudent and attentive drivers, but also to motorists who are slightly exceeding the speed limit or momentarily inattentive. Ledbetter v. State, Through La. Dep’t of Transp. & Dev., 502 So.2d 1383, 1387 (La.1987).
In the case sub judiee, the majority relies on that the fact that Brooks was not 12authorized by law to drive the backhoe on the highway or the shoulder because the backhoe is not a “motor vehicle” that is registered with the Secretary of the Department of Public Safety, requiring a vehicle license. See, LSA-R.S. 32:51. However, the fact that Brooks was not authorized to drive the backhoe on the shoulder does not alleviate DOTD of its duty to keep the highways in a reasonably safe condition nor should it prevent the decedent’s family from recovering damages for Brooks’ wrongful death. Although DOTD is not a guarantor of the safety of all travelers, it owes a duty to maintain the highways and shoulders in a reasonably safe condition for non-negligent motorists. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
Stephen Harris, who was Brooks’ coworker and the only eyewitness to the accident, testified that the accident occurred in an industrial area where construction equipment, including backhoes, tractors, and trucks, was commonly driven for short distances on the highways. He testified that it was a common practice of their employer, Industrial Plant and Main *195 tenance, to transport equipment for short distances by driving it on the shoulder of the highway, as it was too expensive to haul the equipment. One of the experts, Andrew McPhate, also testified that while industrial/construction equipment is not designed primarily for roadway use, it was customary in this industrial area to move backhoes and other construction equipment on the state highways and its shoulders. LSA-R.S. 47:502 allows similar self-propelled equipment, such as farm tractors and farm equipment, log loaders, road rollers and road machinery, to temporarily move upon the state highways.
The record indicates that the asphalt on the shoulder where the accident occurred was crumbling, and the depth of the irregularities and depressions in the shoulder’s surface was 2 to 4 inches deep. Because this area was used repeatedly as |3a turnout, requiring a bi-weekly inspection, DOTD either knew or should have known of the shoulder’s defective condition and the dangers it presented to the motoring public. DOTD’s failure to repair the defective shoulder, which created a significant risk to all who traveled across that area, was within DOTD’s scope of protection and obligation to maintain safe highway shoulders. Thus, I conclude the risk of injury caused by the defective conditions of the roadway and shoulders was foreseeable. I would affirm the damage award for Brooks’ wrongful death.