439 So.2d 570 (1983)
Hiram ALLISON
v.
CITY OF BATON ROUGE, et al.
No. 83 CA 0028.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Denied December 9, 1983.
*571 Rhett E. Ryland, Baton Rouge, for plaintiff-appellant Hiram Allison.
Samuel R. Cicero, Asst. Parish Atty., Baton Rouge, for defendant-appellee City of Baton Rouge and Parish of East Baton Rouge.
Gracella Simmons, Baton Rouge, for defendant-appellee Fidelity and Cas. Co. of New York.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
Plaintiff Hiram Allison, a state policeman, was riding his motorcycle on the Pride-Port Hudson Road in East Baton Rouge Parish. As he entered into a curve of the road he noticed several buzzards feeding on a large dead dog which lay on the road's shoulder. As his motorcycle approached the area the buzzards scattered and one struck the windshield of his motorcycle. Allison attempted to maintain control of his vehicle but was unsuccessful. The motorcycle apparently flipped over and Allison was thrown to the ground. He sustained serious abrasions and injured internally his right shoulder.
Allison filed suit against the City of Baton Rouge, the Parish of East Baton Rouge, and Fidelity and Casualty Insurance Company, the alleged insurer of the City-Parish. The claim against the insurance company was later dismissed. The basis for liability was the City-Parish's failure to maintain the roadway in a safe condition.
Prior to trial the parties stipulated as to the following facts: One, the road involved is a parish road and in the custody of the City-Parish. Two, there is no standard procedure for the City-Parish to remove dead animals from the road. Three, the animals are picked up only if the City-Parish receives a call about the animal, and then only if the City-Parish employees determine the animal is a hazard. Finally, there is no written procedure existing between any of the various governmental agencies as to removing dead animals from the road.
After trial on the merits the court rendered judgment against plaintiff and in favor of defendants, finding no liability on defendant's part. Plaintiff filed this appeal.
On appeal plaintiff contends the trial court failed to apply the duty-risk analysis as set forth in Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), rehearing denied 1962. This analysis, as reiterated by the recent case of Naylor v. La. Dept. of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1982), writs denied 427 So.2d 439 and 429 So.2d 127, 134 (La.1983), consists of four inquiries which must be answered affirmatively in order to hold defendant liable.
The first of these questions is whether or not the defendant owed a duty to the plaintiff. It is well settled in this state the governing authority owes a duty to motorists to keep the roadways and shoulders in a safe condition. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980), rehearing denied 1980; Rue v. State Dept. of Highways, 372 So.2d 1197 (La.1979), rehearing denied 1979. The second query is whether or not defendant breached the duty. This question is subject to some debate in the present case but, without so holding, we will assume arguendo that the City-Parish's failure to pick up the large carcass, which had obviously been there for *572 several days,[1] and of which the parish had constructive notice,[2] was a violation of the duty to keep the roadways reasonably safe.
The third issue is whether or not the breach of the duty was a substantial factor in bringing about the harm to the plaintiff, i.e., was it a "cause-in-fact" of the harm which occurred. Certainly, but for the City-Parish's failure to remove the carcass the buzzards would not have been in that particular spot and would not have collided with plaintiff's motorcycle.
The final and crucial question is whether or not the risk and harm encountered by plaintiff fall within the scope of the protection afforded by the duty breached. Applying this question to the facts of this case, does the duty to maintain a safe roadway (and specifically to remove a large carcass from the shoulder of the road) include the duty to protect motorists from buzzards which may stop to feast on the carcass? We think not. Although we can envision other hazards associated with the large carcass, such as it being an obstacle to a vehicle using the shoulder of the highway, we do not conclude the hazard of buzzards gathering to feed and then flying suddenly into the path of passing vehicles to be one within the scope of the protection afforded by the duty breached.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay costs.
AFFIRMED.
SAVOIE, J., concurs in the result.
NOTES
[1] The dead animal was described by the investigating officer to have been "bloated" and in an advanced state of decomposition.
[2] Officer Tommy Lane of the East Baton Rouge sheriff's department testified he had seen the dead dog and the buzzards about 30 minutes before the accident. He stated one buzzard narrowly missed striking his vehicle.