CARTER, Judge,
concurring.
, I agree with the result reached herein, but not for the reasons assigned.
This court has previously resolved the issues of this appeal in a earlier unreported decision in the present case by sustaining an exception of no cause of action in favor of Dixie Electric Membership Corporation.[1]
If the user (Dixie Electric) of the light standard has no duty to use a standard that will not injure a driver who leaves the highway and runs into the light standard, clearly the manufacturer would have none. Additionally, the manufacturer has no duty to warn the user of characteristics which the user (Dixie Electric) has no duty to consider in use of the product.
The duty-risk analysis as set forth in Dixie Drive-It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), rehearing denied 1962, reiterated by the case of Naylor v. La. Dept. of Public Highways, 423 So.2d 674 (La.App. 1st Cir. 1982), writs denied, 427 So.2d 439 and 429 So.2d 127, 134 (La.1983), and the recent case of Allison v. City of Baton Rouge, 439 So.2d 570 (La.App. 1st Cir.1983) consists of four inquiries which must be answered affirmatively in order to hold a defendant liable.
The first of these questions that must be answered in the affirmative is whether or not the defendant owed a duty to the plaintiff. If this query is answered in the negative, then the subsequent queries as to whether or not the defendant breached the duty, whether or not the breach of the duty was a substantial factor in bringing about the harm to the plaintiff, i.e. was a cause in fact of the harm which occurred and the final question of whether or not the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached all become moot. I am aware of no authority and no Louisiana case has been cited to us to support appellant’s contention that the manufacturer of a light standard has a duty to manufacture one that will not injure an errant driver who leaves the highway and runs into it or even to design one that would minimize damages in such a situation. Further, the manufacturer has no duty to warn the user (Dixie Electric) of characteristics which the user has no duty to consider in the use of the product.
Accordingly, I am in agreement that the judgment of the trial court should be affirmed.

. Gaudet v. G.D.C., Inc. # 14,454 (La.App. 1st Cir. December 22, 1981).