DUFRESNE, Judge.
The issue in this personal injury case is whether the award of $20,000.00 is so low as to be an abuse of the trier of fact’s (jury’s) discretion. We conclude it is not and therefore affirm.
This case involved a rear end collision wherein a car being driven by Michael Jones, the minor son of Nolan R. Jones, collided with an automobile in which Patsy G. Smith was a passenger. Suit for damages was filed against the uninsurer (under-insured) motorist carrier of Patsy G. Smith. Mrs. Smith was injured when rear ended on I — 10 east of New Orleans at 8:00 P.M. on May 19, 1978. The Smith car was knocked across the median into the oncoming traffic lanes, trapping Mrs. Smith and her husband inside the automobile. Mrs. Smith suffered compression fractures to her dorsal spine. She also suffered an evulsive fracture in her cervical spine, as well as multiple cuts and bruises on her head and body.
The liability coverage of Michael Jones was $20,000.00 and the policy limits were *308 put in settlement. Counsel stipulated that the uninsured motorist carrier (defendant) would receive credit of $20,000.00 from an overall award. The defense stipulated that the negligence of Michael Jones had caused Mrs. Smith’s injury, but contested the nature of the extent of injury.
The jury was advised that the defendant was to be given credit of $20,000.00 paid by the primary coverage, and its consideration was limited to damages in excess of that amount. The jury returned a verdict for the plaintiff, Mrs. Smith but found no damages in excess of $20,000.00. Plaintiff appealed as to the issue of quantum.
The standard of appellate review in cases such as the present was set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) as follows:
“. [BJefore a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Anderson v. Welding Testing Laboratory, Inc. [304 So.2d 351 (La.1974)] supra; Bitoun v. Landry, [302 So.2d 278 (La.1974) ] supra; Fox v. State Farm Mutual Automobile Ins. Co. [288 So.2d 42 (La.1973) supra; Walker v. Champion, [288 So.2d 44 (La.1973) ] supra. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Bitoun v. Landry, supra; Spillers v. Montgomery Ward & Company, Inc., [294 So.2d 803 (La.1974) ] supra. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.”
The reviewing court must give great weight to factual conclusions arrived at by the trier of fact and reasonable evaluations of credibility and reasonable inferences of fact, Cadiere v. West Gibson Products Co., 364 So.2d 998 (La.1978).
In assessing damages, much discretion is left to the trier of fact Perniciaro v. Brinch, 384 So.2d 392 (La.1980); [La.Civil Code art. 1934(3)]. Each personal injury case must be valuated according to its own peculiar facts and circumstances in determining the amount of damages sustained. Profit v. Linn, 346 So.2d 253 (La.App. 1st Cir.1977); Jordan v. Travelers Insurance, 245 So.2d 151 (La.1971). While we find the award in this case to be conservative, in light of the evidence presented at trial, it is not so low as to be an abusé of the jury’s discretion. Therefore, with respect to quantum, we affirm the verdict in the trial court. Costs are to be paid by appellant.
AFFIRMED.