464 So.2d 987 (1985)
Edwin J. BROUSSARD and Ethel M. Broussard,
v.
YELLOW FREIGHT LINES, INC.[1], Prentiss Mars, XYZ Insurance Company, City of Baton Rouge, ABC Insurance Company and the Louisiana Department of Transportation and Development.
No. 84 CA 0020.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*988 Steven B. Witman, New Orleans, for plaintiff-appellant Edwin J. Broussard and Ethel M. Broussard.
Robert T. Talley, Baton Rouge, for defendant-appellee State of La., Through the Dept. of Transp. and Development.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This case arose out of a truck-motorcycle collision which resulted in the death of the 24-year old motorcycle rider, DeWayne J. Broussard. His parents brought this suit against Yellow Freight System, Inc., its driver (Prentiss Mars), the City of Baton Rouge, the Louisiana Department of Transportation and Development (Department), and their insurers. Prior to trial, all parties except the Department were dismissed.[2] From the trial court judgment finding that the actions of the decedent were the sole proximate cause of the accident and the absence of negligence[3] on the part of the Department, plaintiffs appeal.

FACTS
On October 27, 1980, between 4:00 and 5:00 p.m., Broussard went to Bill's Body Shop at 6443 Airline Highway in Baton Rouge. A light rain was falling. Mr. George Guin, a mechanic, testified that he had completed some repairs on a motorcycle that Broussard's father had brought to the shop, and Broussard wanted to testdrive it. Broussard left the shop on the motorcycle, traveling down the gravel driveway leading to Airline Highway. At this location, Airline Highway runs roughly north-south and is a divided, four-lane highway with a ten-foot paved shoulder. Bill's Body Shop is located on the east side of Airline. At the end of the driveway there *989 were some large holes[4] which ran along the outside edge of the paved shoulder. It was stipulated that the Department had the responsibility to maintain this gravel portion of the shoulder. It was further stipulated by the parties that, at the time of the accident, Broussard's blood alcohol content was .11 percent by weight.
The testimony regarding Broussard's actions immediately prior to the accident is conflicting. One witness stated that he observed Broussard travel up and down the driveway several times, turning around in the northbound traffic lanes of Airline each time. He was not traveling at a high rate of speed. When he attempted to turn around in the highway the last time, the motorcycle slid on the wet pavement, fell over with Broussard still astride it, and he was run over by the Yellow Freight Lines truck. Another witness testified that Broussard was traveling down the driveway at a high speed, that he attempted to turn away from Airline Highway when he reached the edge of the shoulder, and that he hit one of the holes in the two-foot gravel area adjacent to the shoulder and bounced out onto the highway where he was run over.
Prentiss Mars, the driver of the Yellow Freight System truck, testified that he did not notice whether Broussard struck one of the holes because Broussard was falling down on the highway when he first observed him.
Plaintiffs seek to recover under the theory of strict liability, or in the alternative, negligence.
Recent jurisprudence has clarified the applicability of strict liability under LSA-C.C. art. 2317 and negligence under LSA-C.C. art. 2315 to situations such as presented herein. In essence, the only difference between a strict liability case and a negligence case is that in the former, the claimant is relieved of the burden of establishing that the defendant "knew or should have known" of the risk. In this regard, this court noted in Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720, 724 (La.App. 1st Cir.1983):
In Kent, supra [v. Gulf States Utilities Co., 418 So.2d 493 (La.1982)], the court observed that the only difference between the strict liability and negligence theories of recovery was the element of the defendant's scienter. Under the negligence rule, it must be shown that defendant either knew or should have known of the risk, whereas under strict liability the claimant is relieved only of proving that the defendant knew or should have known of the risk. In either case, the claimant must still prove an unreasonable risk of harm that resulted in damage. While the basis for determining the existence of the duty is different between strict liability and negligence, the duty which arises is the same. Kent v. Gulf States Utilities Company, supra, 497-498. (Emphasis added)
This duty applies to both negligence and strict liability cases. Efferson v. State of Louisiana, Etc., 463 So.2d 1342 (La.App. 1st Cir.1984).
While it is unnecessary to separately discuss the applicability of LSA-C.C. arts. 2315 and 2317, because of appellants' specific assignments of error and for the sake of clarity, separate discussions follow.

STRICT LIABILITY
The applicability of LSA-C.C. art. 2317 to the Department for the roads it maintains has been clearly established. Duffy v. State, Dept. of Transp., Etc., 415 So.2d 375 (La.App. 1st Cir.1982), writ denied, 420 So.2d 448 (La.1982); Foggan v. *990 La. Dept. of Transp. and Dev., 402 So.2d 154 (La.App. 1st Cir.1981); Scott v. State, Dept. of Transp., Etc., 392 So.2d 482 (La. App. 1st Cir.1980), writ denied, 396 So.2d 921 (La.1981). To be successful under this article, a plaintiff must prove that: (1) the thing causing the injury was in the custody of the defendant; (2) the thing causing the harm was defective, i.e., created an unreasonable risk of harm to others; and (3) the defective thing caused the plaintiff's injury. Duffy, supra.
Although the testimony was conflicting as to whether Broussard actually struck one of the holes, we will assume that he did for purposes of this discussion.
The Department stipulated that it had the responsibility to maintain the gravel portion of the shoulder, i.e. that the gravel shoulder was under its care, custody, and control. However, it is unnecessary to determine whether the holes in the gravel portion of the shoulder created an unreasonable risk of harm to others so as to be a defective thing within the contemplation of LSA-C.C. art. 2317, since the other essential element of recovery under LSA-C.C. art. 2317 is not present. See Sarphie v. Comeaux, 428 So.2d 1141 (La.App. 1st Cir. 1983), writ denied, 433 So.2d 161 (La.1983).
The trial judge determined that the sole cause of the accident was the action of the decedent. The holes in question had existed for six months to a year prior to the accident, and during this period, Broussard had visited the body shop approximately twice a week. On the afternoon of the accident, Broussard drove over or around these holes several times. Furthermore, Broussard was operating the motorcycle at an excessive rate of speed in a light rain at the time of the collision. Broussard did not even slow his motorcycle upon approaching the busy roadway.[5] Additionally, Broussard was intoxicated at the time he lost control of his vehicle. Clearly, the accident was not caused by the condition of the gravel shoulder, but was due to the fault of Broussard.

NEGLIGENCE
Plaintiffs argue, in the alternative, that the Department is liable under LSA-C.C. art. 2315, contending that it was negligent in maintaining the shoulder. Under the analysis of Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) and its progeny, four inquiries must be answered in the affirmative before a plaintiff can recover under LSA-C.C. art. 2315:
1. Did the defendant owe a duty to the plaintiff?
2. Was this duty breached?
3. Was the breach of duty a substantial factor in bringing about harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
4. Do the risk and harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached?
See also Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Naylor v. La. Dept. of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1982), writs denied, 429 So.2d 127, 134 (La.1983), and LeBlanc v. State, Through Department of Corrections, 393 So.2d 125 (La.App. 1st Cir.1980), writ denied, 394 So.2d 1235 (La.1980).
The Department has the duty to maintain the state's highways in a reasonably safe condition for motorists exercising ordinary care and reasonable prudence. Sinitiere v. Lavergne, 391 So.2d 821 (La. 1980); Everett v. Louisiana Department *991 of Transportation and Development, 424 So.2d 336 (La.App. 1st Cir.1982). Included within this duty is the responsibility to maintain the shoulders of the highways in a reasonably safe condition. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979). However, the Department is not responsible for every accident which occurs on the state highways, nor is it an insurer against all injuries which may result from defects in the highways. United States Fidelity and Guaranty Co. v. State, Department of Highways, 339 So.2d 780 (La. 1976).
Even though it was stipulated that one of the Department's manuals provided that the Department was responsible for maintaining this area, the failure to comply with the requirements of the Department's manual does not constitute negligence per se. Harkins v. State, Department of Highways, 247 So.2d 644 (La.App. 3rd Cir. 1971), writ denied, 259 La. 741, 252 So.2d 449 (1971).
Certainly, there is a higher duty owed to a person traveling the main portion of a highway as concerns the highway, the shoulder, and area adjacent to the shoulder than that owed to a person coming out of a private driveway onto the highway. See Ishee v. State, Through Dept. of Transp., 413 So.2d 1362 (La.App. 1st Cir.1982). While the Department owes a duty to maintain the highway shoulder in a reasonably safe condition to a motorist who may, for any number of reasons, find himself traveling on, or partially on, the shoulder, the duty owed to a person approaching the highway from a driveway is less stringent.
We find it unnecessary to determine whether the Department breached its duty to Broussard because the breach of a duty results in recovery only if the breach is the cause-in-fact of the injury. See Duffy v. State, Dept. of Transp., Etc., supra. In the instant case, decedent was traveling at an excessive rate of speed on a rainy day. He operated his vehicle in close proximity to a major thoroughfare in a reckless fashion while intoxicated.
In the case sub judice, the evidence supports the trial judge's finding that Broussard failed to exercise the proper control over the motorcycle as he approached Airline Highway and that his actions were the sole cause of the accident. Therefore, the failure of the Department to maintain the gravel shoulder was not the cause-in-fact of the accident, and plaintiffs are not entitled to recover.

COMPARATIVE NEGLIGENCE
The accident occurred on October 27, 1980, after the effective date of Act No. 431 of 1979, amending LSA-C.C. art. 2323 and adopting the doctrine of comparative negligence in Louisiana. Although the plaintiffs did not specifically address the issue of comparative negligence in their assignments of error, we have determined that decedent's negligence and/or fault was the sole cause of the accident; therefore, comparative negligence is not applicable.
Therefore, for the above assigned reasons, the judgment of the trial court is affirmed. Appellants are cast for costs of this appeal.
AFFIRMED.
NOTES
[1] Plaintiffs later amended their petition to correct the name of Yellow Freight Lines, Inc. to Yellow Freight System, Inc. In their supplemental and amending petition, plaintiffs also identified XYZ Insurance Company as Protective Insurance Company.
[2] The City of Baton Rouge was dismissed on a motion for summary judgment, and plaintiffs voluntarily dismissed with prejudice their claim against Yellow Freight Lines, Inc., Prentiss Mars, and Protective Insurance Company.
[3] The trial court, in oral reasons for judgment, did not discuss strict liability.
[4] Baton Rouge City Police Officer Giglio, who investigated the accident, testified that the depth of the holes adjacent to the paved shoulder was "Five inches, ten inches, in that area. There wasa jagged hole, very jagged." He further estimated the diameter of the holes to be approximately three feet.

Prentiss Mars, driver of Yellow Freight System's truck, estimated the depth of the holes to be "about two inches, three inches, maybe right in the center about three inches."
[5] As regards driving onto a highway from a driveway, we note LSA-R.S. 32:124 which provides:

The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.