477 So.2d 1175 (1985)
Audrey B. SCHEXNAYDER, et al.
v.
STATE of Louisiana, et al.
LA. FARM BUREAU
v.
DEPT. OF TRANSPORTATION AND DEVELOPMENT.
Nos. CA 84 0778, CA 84 0779.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Rehearing Denied November 8, 1985.
*1177 Charles Hughes, Bogalusa, for plaintiffs appellees.
Robert T. Talley, Baton Rouge, for defendants-appellants.
William M. Quin, Gail K. Sheffield, Kentwood, for Allen and Audrey Schexnayder.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from separate judgments in consolidated cases in favor of plaintiffs, Audrey B. Schexnayder and her husband, Allen J. Schexnayder, against defendant, State of Louisiana, Through the Department of Transportation and Development (DOTD) and in favor of plaintiff, Louisiana Farm Bureau Mutual Insurance Co. against the Department of Transportation and Development, Safety and Administrative Department. These judgments were rendered in regard to a single vehicle accident involving Mrs. Schexnayder.

FACTS
The accident in question occurred on Saturday, July 10, 1982, at approximately 11:15 p.m. Mrs. Schexnayder, a 55-year-old woman, was traveling to work on a straight stretch of La. Highway 1058 in Tangipahoa Parish when her vehicle came into contact with a two to three inch pile of loose pea gravel or clay aggregate which extended across the road surface. As a result of this, Mrs. Schexnayder's vehicle swerved and went out of control, traveling across the opposite lane of traffic and into an adjacent ditch where it came to rest upside down. Mrs. Schexnayder testified that she was traveling between 50-55 mph at the time of the accident. This testimony is corroborated by that of Louisiana State Trooper, Phillip Domiano, who testified that it appeared that she was traveling at a reasonable rate of speed. The posted speed limit was 55 mph. During the proceeding week, the DOTD had been conducting resurfacing operations on La. 1058 at the location where the accident occurred. This resurfacing process involved a procedure of applying asphalt to the surface of the highway and pouring clay aggregate, which is a clay-like gravel, over the asphalt. The DOTD terminated the resurfacing operations on La. 1058 on Thursday, July 8, 1982. Mrs. Schexnayder testified that she had not traveled La. 1058 since the resurfacing had begun and had no knowledge of the condition of the road surface or of the existence of the loose gravel. There were no roadwork warning signs or smudge pots placed along the highway to alert motorists of the need to proceed cautiously.
Ms. Alice Simpson and Mr. Jackie Stevens, who assisted Mrs. Schexnayder at the scene of the accident, testified that there were several inches of loose gravel on the road surface at the location where the accident occurred. Trooper Domiano also testified that there were piles of gravel approximately two to three inches high in some spots on the road surface at the accident scene. Mr. Gilbert Sullivan, an engineering specialist for the DOTD, was present during the resurfacing of La. 1058 and testified that when the crew left the sight on Thursday, July 8, 1982, there was no loose material on the area of the road where the accident occurred. He also stated that the crew did not "broom" or sweep this area of the highway after completion of the project for the week. This procedure would clear away any loose gravel that did not adhere to the asphalt.

TRIAL COURT
The trial judge found, in his written reasons for judgment, that there was an accumulation of gravel on La. 1058 at the point where the accident occurred, giving great weight to the testimony of Trooper Domiano and other corroborating witnesses. The appellate court will not disturb the factual findings of the trial court unless the record establishes that the findings are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We *1178 find no manifest error in the factual findings of the trial court. The trial court held that the sole cause of Mrs. Schexnayder's accident was the negligence of the DOTD employees in terminating work for the week on July 8, 1982, without first clearing the roadway of all loose gravel and construction material. The trial court also found that Farm Bureau was legally subrogated to the claims of the Schexnayders and awarded it $13,885.

LIABILITY
On appeal, the DOTD contends that the trial judge erred in holding it liable for plaintiffs' damages. The DOTD also contends that the case at bar is indistinguishable from Duffy v. State, Department of Transportation and Development, 415 So.2d 375 (La.App. 1st Cir.1982), writ denied, 420 So.2d 448 (La.1982), where a seven to ten inch accumulation of gravel on a gravel roadway was held to have not created an unreasonable risk of harm to others. The accumulation of gravel was attributed to grading operations being conducted at the time. The court therein held that the gravel did not create an unreasonable risk of harm and that the accumulation of gravel was only temporary. The court was of the opinion that the utility to be derived from road surfaces of shell or gravel far outweighs the risk of harm that might be occasioned by an accident caused by a loose gravel accumulation or ridge during grading operations. Duffy at 378.
The facts of this case involve loose gravel on a paved road surface. Although one might expect to encounter a gravel ridge on a gravel road being graded, there was no way that Mrs. Schexnayder could have anticipated the loose gravel which existed on the road surface of La. 1058. Loose accumulations of gravel two to three inches high are not normal. Such an accumulation would create an unreasonable risk of harm to an unsuspecting motorist. In the present case, there would be little or no utility derived from having several inches of loose gravel on the road surface of La. 1058 two days after resurfacing was terminated. Thus, the risk of harm that may be occasioned by an accident on this surface would outweight the utility derived. For these reasons, we are of the opinion that Duffy and the present case are clearly distinguishable. Under the analysis of Dixie Drive It Yourself System New Orleans v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and its progeny, four inquiries must be answered in the affirmative before a plaintiff can recover under La.Civ.Code art. 2315:
1. Did the defendant owe a duty to plaintiff?
2. Was this duty breached?
3. Was the breach of duty a substantial factor in bringing harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred?
4. Do the risk and harm encountered by plaintiff fall within the scope of the protection afforded by the duty breached?
Broussard v. Yellow Freight Lines, Inc., 464 So.2d 987 (La.App. 1st Cir.1985).
Liability based on negligence is imposed when the DOTD is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Broussard at 990. The record establishes that there was a buildup of loose gravel on the road surface at the point where the accident occurred. Mr. Sullivan testified that numerous calls were received from local citizens asking the DOTD to return to the job site at La. 1058 and "broom" the road. He stated that an intersection that is .2 of a mile from where the accident occurred was the only area "broomed" and that no "brooming" was done in the area where the accident occurred. Mr. Sullivan further testified that he and the job foreman inspected the road surface of La. 1058 after completion of the job on Thursday, July 8, 1982. As a result, we are compelled to find that the DOTD knew, or at least should have known, of the hazardous condition *1179 caused by the loose gravel on the road surface and yet took no action to correct or warn of this hazardous condition.
A duty founded in statute and recognized by the jurisprudence exists on the part of the DOTD to maintain the public highways in a condition that is reasonably safe for persons exercising ordinary care and reasonable prudence. LSA-R.S. 48:1(11), 48:21; Broussard at 990. The duty to warn is concomitant to the duty to maintain reasonably safe highways and to remedy hazardous conditions. Duffy at 378. In the present case, the DOTD did not fulfill its duty to the motoring public. The DOTD breached its duty owed to Mrs. Schexnayder by terminating the resurfacing project without clearing away excess gravel or construction materials, which left the road surface in an unreasonably dangerous condition and by not placing warning signs along the roadway, after knowledge of the hazardous condition, to alert the public of the need to proceed in a more cautious manner. Mrs. Schexnayder was traveling down La. 1058 at a reasonable rate of speed and without knowledge of the existence of loose gravel on the road surface when her vehicle came into contact with the gravel and the accident occurred. There are no other facts in the record to indicate any other reason why Mrs. Schexnayder would have lost control of her vehicle.
Therefore, we find that the breach of the duty owed Mrs. Schexnayder by the DOTD was a cause-in-fact of her accident and injuries. Likewise, the risk and harm encountered by Mrs. Schexnayder of sliding and losing control of her vehicle was clearly within the scope of protection afforded by the DOTD's duty. Inasmuch as this duty was breached, we find the DOTD liable under La.Civ.Code art. 2315. Since we have found the DOTD to be negligent under La.Civ.Code art. 2315, we need not discuss its liability to the plaintiffs under the doctrine of strict liability, La.Civ.Code art. 2317.

QUANTUM
The trial court awarded Mrs. Schexnayder $17,649.75 in special damages and $200,000 in general damages. Mr. Schexnayder was awarded $100 to cover the deductible portion of his insurance policy with Farm Bureau and $1,395 for medical expenses for which he had not been reimbursed. The DOTD contends that the general damages awarded by the trial court was grossly excessive.
The standard for reviewing general damages awards to be followed by the appellate courts was set out in Reck v. Stevens, 373 So.2d 498 (La.1979). In Reck, the court stated:
"Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's `much discretion,' La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, or insufficient." (Citations and footnotes omitted)
Immediately after the accident, Mrs. Schexnayder was taken by ambulance to Hood Memorial Hospital in Amite, Louisiana. She was later transferred to Our Lady of The Lake Hospital in Baton Rouge. She remained in the hospital for nine days where she was treated by Dr. Robert Hanchey and Dr. Charles Strange, an orthopedic surgeon. As a result of the accident, Mrs. Schexnayder sustained a T-4 thoracic compression fracture, a mild nerve root entrapment in her neck, one fractured rib and several bruises and cuts about her body. She suffered periodic nose bleeds and also wore a body brace for three months. Mrs. Schexnayder required psychiatric treatment as a result of the accident, but at the time of trial was progressing favorably. At the time of trial, most of her pain had subsided except for a pain in her neck and numbness in her fingers. Mrs. Schexnayder has a 10% disability of *1180 the spine and a 5% permanent whole body disability. Dr. Hanchey testified that 5% would be the lowest degree of disability that he would allow other than zero and that there was not a high degree of suffering going on. Dr. Hanchey stated that he would not operate on Mrs. Schexnayder and that her future problems would only be slightly greater than those of any other 55 year old.
In Heymann v. Allstate Ins. Co., Inc., 454 So.2d 860 (La.App. 5th Cir.1984), the plaintiff was awarded slightly less than $25,000 for pain and suffering, lost wages and future medical expenses for a 15 to 20% permanent disability with frequent back pains and a need for future medical treatment. A 49-year-old plaintiff was awarded $100,000 for a 20% permanent disability, a ruptured disc that required surgery, repeated hospitalization over a two and one half year period and leg, hip and ankle injuries in Wilson v. Wal-Mart Stores, Inc., 448 So.2d 829 (La.App.2d Cir. 1984). The court in Jones v. Winston, 437 So.2d 889 (La.App.2d Cir.1983), awarded the plaintiff $50,000 for a ruptured disc which required surgery and left her with a 10% disability. In Smith v. Jones, 432 So.2d 307 (La.App. 5th Cir.1983), the plaintiff, who sustained a compression fracture to the dorsal spine and evulsive fracture to the cervical spine as well as multiple cuts and bruises on the head and body, was awarded $20,000.
After a careful review of the record and recent cases of a similar nature, we feel compelled to conclude that the trier of fact abused his "much discretion" in making an excessive award of general damages to Mrs. Schexnayder. In accordance with our findings, we believe that $100,000 for general damages is the highest point reasonably within the discretion of the trial court in the present case. Hence, pursuant to Reck at 501, we reduce the award of general damages to Mrs. Schexnayder to $100,000.
Therefore, for the above and foregoing reasons, the judgment of the trial court in favor of plaintiffs, Audrey Schexnayder and Allen Schexnayder, and against the State of Louisiana, Through the Department of Transportation and Development, is amended in part and affirmed as amended. The judgment of the trial court is affirmed in all other respects. Costs in the amount of $1,324.65 are cast against the defendant.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
The DOTD applied for rehearing contending that we did not consider the award of $17,649.75 for past and future wage loss in our original opinion. At oral argument, counsel for the DOTD asserted that this award was excessive. Although this issue was not addressed in our original opinion, the excessiveness of the award for past and future wage loss was considered in our review of this case. We find no abuse of discretion on the part of the trial judge in making this award.
For the foregoing reasons we affirm our original decree.
AFFIRMED.