KLEES, Judge.
This appeal arises out of a personal injury claim filed by plaintiff/appellant Christopher Johnson for injuries he sustained when the motorcycle he was operating collided with a bus being driven by Betty Butler and owned by the Regional Transit Authority, (RTA). The. trial court ruled in favor of the RTA, thereby dismissing Mr. Johnson’s petition with prejudice and he has appealed. We affirm.
At the trial several witnesses were heard from, whose testimony was contradictory and irreconcilable.
Ms. Butler, the bus driver testified that she was in training at the time of this accident and had been driving a bus for approximately five weeks. She stated that *140 she was driving on North Galvez Street toward St. Bernard Parish when she came to a stop sign at the intersection of Tupelo Street. She said that she stopped completely at the stop sign and noted two motorcycles traveling on Tupelo toward the river on her left, approximately three and one-half blocks away. She pulled away from the stop sign and as she reached the median, a car pulled away from the curve near the corner on Tupelo Street headed towards the lake, forcing her to stop. When she stopped the bus in the median, it was blocking the left riverbound lane of Tupelo and there was enough room behind the bus for cars to go around. As she was stopped in the median she looked at the motorcycles which were now only one-half block away. She noted that they were coming fast and she was afraid they would hit the bus. One motorcycle went around the back of the bus, while the one being operated by plaintiff collided with the bus.
The testimony of Esther Fallen, another RTA bus driver who was on the bus supervising Ms. Butler on the day of the accident, was essentially the same as Ms. Butler.
The RTA called Mr. Joseph Johnson, a cab driver, to testify. Mr. Johnson stated that he was driving towards the river on Tupelo Street the day of the accident when two motorcycles passed him up “drag racing” and going very fast. He was approximately two or three blocks away from the intersection of Tupelo and North Galvez when the motorcycles reached that intersection. He testified that one motorcycle went around the back of the bus and the plaintiff did not begin to apply his brakes until he was approximately one-half block away from the bus and his motorcycle skidded into the bus. Mr. Johnson further testified that he saw Ms. Butler from time to time when he visited a restaurant where she worked as a waitress.
Brian Turnbough, a passenger on the bus at the time of the accident, was also called to testify by RTA. He was seated in the rear of the bus on the left side next to the window. He stated that the bus came to a complete stop at the stop sign and proceeded to the median. The bus stopped in the median with the rear of the bus blocking the left riverbound lane of Tupelo and barely blocking the right lane. He further testified that he did not observe anything until he heard some noise indicating brakes were being applied, after the bus had been stopped in the median for about ten seconds. At this time he looked up and saw two motorcycles approximately one-half block away from the bus. One motorcycle went around the back of the bus and the motorcycle being operated by plaintiff skidded into the bus.
The appellant testified that he was going thirty to thirty-five miles per hour when he saw the bus approximately one-half block in front of him. He stated that he tried to get around the bus but there was no room because the bus was blocking the entire street.
Three witnesses, all of whom knew the appellant, corroborated his version of the events.
In dismissing the plaintiffs petition the court concluded that the bus was stopped in the neutral ground area blocking the left river bound lane of traffic on Tupelo Street for ten seconds prior to the time the plaintiff applied his brakes on the motorcycle. The trial court found that the accident was caused by the negligence of the appellant who was traveling too fast and failed to keep a proper lookout. The trial court also found that there was no negligence on the part of the bus driver.
On appeal, appellant argues that the trial court erred in failing to apply comparative negligence principles to this case. However, since the trial court determined that plaintiffs negligence was the sole cause of the accident, comparative negligence is not applicable. Broussard v. Yellow Freight Lines, Inc. 464 So.2d 987 (La.App. 1st Cir.1985).
The appellant also argues that the trial court erred in concluding that the plaintiff was speeding and in failing to find negligence on the part of the bus driver.
The well-settled rule of law is that the appellate court should not disturb a finding *141 of fact unless it is clearly wrong. It is also well-settled that where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. The reasoning behind these principles is based upon the fact that the trial court is in a better capacity to evaluate live witnesses and the proper allocation of functions between the trial and appellate courts.
In his reasons for judgment, the trial judge stated that his decision was based on the testimony of Mr. Tumbough and Mr. Joseph Johnson. We are unable to find that the testimony of the other witnesses who corroborated appellant’s version of events was more credible than the testimony of these two gentlemen. Furthermore, we find that the trial court was not clearly wrong in concluding that the accident was caused solely by the negligence of the appellant.
Accordingly, the decision of the trial court is affirmed.
AFFIRMED.