498 So.2d 1142 (1986)
Arnold J. DEVILLE, Jr., Plaintiff-Appellee,
v.
STATE of Louisiana, Through DOTD, et al., Defendants-Appellants.
No. 86-74.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1143 Roxie E. Foster and Robert L. Oliver, Baton Rouge, for defendants-appellants.
David A. Sheffield, Alexandria, for plaintiff-appellee.
Before LABORDE, KNOLL and KING, JJ.
KNOLL, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD), appeals the trial court's damage award of $26,529.58 to Arnold J. Deville, Jr., for personal injuries he sustained when the automobile Deville was driving encountered a low highway shoulder and lost control.
Deville filed suit against DOTD and Dolphin Construction Company. DOTD answered and filed a third party demand against Dolphin Construction Company. By summary judgment Dolphin Construction was dismissed from the proceedings. The trial court found DOTD liable under strict liability and that Deville was in no way negligent in the operation of the automobile. In this appeal DOTD contends the trial court erred in: (1) finding DOTD's negligence the proximate cause of the accident; and, (2) in failing to find Deville the sole cause of the accident, or in the alternative contributorily negligent. Deville answered the appeal seeking an increase of the damage award from $15,000 to $50,000, and for an increase of $120 in special damages.
On May 10, 1981, at approximately 10:30 a.m., Deville was driving Fran McPherson's 1981 Subaru automobile south on the MacArthur Drive service road in Alexandria at approximately 25-30 miles per hour, with Fran McPherson and her minor son in the vehicle. As he approached the intersection at Prescott Road, an oncoming vehicle entered the curve near the intersection and crossed the center line, whereupon Deville veered onto the right shoulder to avoid a collision. Deville testified that as he veered onto the shoulder he experienced a drop-off or bump on the right side of the automobile causing him to lose control and land in the ditch which paralleled the service road. Although Deville was familiar with the service road, he testified that he had never noticed the shoulder condition. *1144 The oncoming vehicle did not stop and its driver was unknown at the time of trial.
DOTD contends the trial court erred in finding DOTD negligent and that such negligence was the proximate cause of plaintiff's injuries; and that strict liability is inapplicable to an accident involving a shoulder. We disagree.
DOTD has the basic duty of maintaining all highways in the state highway system. LSA-R.S. 48:21; LeBlanc v. State Department of Highways, 419 So.2d 853 (La.1982). The maintenance of highway shoulders in a reasonably safe condition is included within the duties of DOTD, and this duty encompasses the obligation to protect a motorist who inadvertently drives onto the shoulder. Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979), on remand, 376 So.2d 525 (La.App. 3 Cir. 1979); LeBlanc, supra. Although DOTD is not an insurer of the safety of motorists using state highways, it cannot knowingly allow a condition to exist which is hazardous to a reasonably prudent motorist. Watson v. Morrison, 340 So.2d 588 (La. App. 1 Cir.1976), writ denied, 341 So.2d 1134 (La.1977). Liability based upon negligence is imposed when DOTD is actually or constructively aware of a hazardous condition or defect and fails to take corrective action within a reasonable time. Efferson v. State, Through Department of Transportation & Development, 463 So.2d 1342 (La.App. 1 Cir.1984), writ denied, 465 So.2d 722 (La.1985).
In the present case plaintiff contends that an abrupt drop-off between the roadway and shoulder constituted a defect or hazard which caused his injuries. LeBlanc, supra; Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir.1984), writ denied, 450 So.2d 1309 (La.1984); Grappe v. State, Dept. of Transportation and Development, 462 So.2d 1337 (La.App. 3rd Cir. 1985), writ denied, 466 So.2d 1302 (La. 1985). The trial court expressly found that an abrupt drop-off existed on the shoulder at issue. The drop-off from the highway to the shoulder ranged from 1 and 3/4 to 6 and 3/4 inches. DOTD's employee, John Griffin, testified that heavy use of the shoulder causes a depression on the shoulder. He opined that such a depression could cause drivers to lose control of their automobiles when leaving the roadway to travel onto the shoulder. A defective shoulder is one which presents an unreasonable risk of harm to motorists. See Loescher v. Paar, 324 So.2d 441 (La.1975). Although DOTD periodically conducted routine inspections of the MacArthur Drive service road, there were no reports of shoulder maintenance at this location. Therefore, DOTD had knowledge of the defective shoulder and failed within a reasonable time to correct it. U.S.F. & G. Co. v. State, Dept. of Highways, 339 So.2d 780 (La.1976).
DOTD further contends that strict liability should not be applied to defective shoulder cases. It relies upon the following language from Sinitiere v. Lavergne, 391 So.2d 821 (La.1980): "Since road shoulders are only designed for temporary use when a motorist finds himself off the roadway, the Department's duty of care is generally discharged at a level of construction and maintenance less than that required for the primary road surface." However, the court further stated that "an implicit necessity for the functional use of a shoulder is a connection between the roadway and shoulder that allows for safe gradual movement from one to the other." The Sinitiere court did not imply that strict liability was inapplicable to defective shoulder cases; it merely noted that it was not called upon to decide the applicability of strict liability to the facts of that case since DOTD's liability was based upon negligence.
The trial court found DOTD liable under Civil Code Article 2317, strict liability, as custodian of the defective shoulder in normal use, and that the hazardous shoulder caused the accident and plaintiff's injuries. Under both strict liability and negligence, liability hinges on whether DOTD breached its duty to the plaintiff. While the basis for determining the existence of the duty is different in article 2317 strict liability and negligence, the duty which *1145 arises is the same. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982); Holmes v. State, Through Department of Highways, 466 So.2d 811 (La.App. 3rd Cir. 1985), writ denied, 472 So.2d 31 (La.1985).
The trial court found "[b]ut for the defective condition of the shoulder it is possible the plaintiff could have regained control of the automobile and avoided the accident." Accordingly, we find no manifest error in the trial judge's factual finding that the shoulder constituted a defective thing which caused the injuries sustained by Deville. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After careful review of the record, we find all of the elements of negligence and strict liability to have been proven by plaintiff. Thus, DOTD can escape liability only by showing that the harm was caused by the fault of the victim, by fault of a third person, or by a fortuitous event. Loescher, supra.
In this regard, DOTD contends that the trial court erred in finding Deville free of victim fault or contributory negligence in causing the accident. Plaintiff testified that he was traveling approximately twenty-five (25) miles per hour at the time of the accident and had no reasonable opportunity to regain control of the automobile. The trial court found that plaintiff was in no way negligent in the operation of the automobile. We will not disturb factual determinations of the trial court absent a showing of manifest error. Arceneaux, supra.
Plaintiff answered DOTD's appeal seeking an increase in the trial court's award for general and special damages. The trial court has much discretion in the award of general damages. Former LSA-C.C. Art. 1934.[1] Before a trial court award may be questioned as inadequate, an appellate court must first look to the individual circumstances of the case, and not to prior awards. Reck v. Stevens, 373 So.2d 498 (La.1979). Prior awards may serve as an aid in this determination only where the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of such awards) for similar injuries. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). After careful review of the record and the extent of plaintiff's injuries, we find no abuse of the trial judge's discretion in the award for general damages. With regard to plaintiff's special damages, the award is amended to reflect an increase of $120.00 due to a miscalculation of expenses for medical services rendered to plaintiff as a result of the accident.
For the foregoing reasons, the judgment of the trial court is amended to reflect an increase in the award for special damages in the sum of $120. In all other respects the judgment is affirmed. Costs of the appeal are assessed to defendant-appellant.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C. Art. 1934 was amended and reenacted by Acts 1984, No. 331, effective January 1, 1985, as part of the recent obligations revision. The article, in pertinent part, was reenacted in Acts 1984, No. 331 § 1, as LSA-C.C. Art. 1999 under Title IVConventional Obligations or Contracts, and in Acts 1984, No. 331 § 3, as LSA-C.C. Art. 2324.1 under Title VOf Quasi Contracts, and of Offenses and Quasi Offenses.