637 So.2d 170 (1994)
Paul R. GREEN, Plaintiff-Appellant,
v.
STATE of Louisiana, Through DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellee, City of Lafayette, Defendant-Appellant.
No. 93-1352.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Rehearing Denied June 22, 1994.
*171 Benjamin O. Burns, Lafayette, for Paul R. Green, etc.
Waple Alan Lilley, Lafayette, for State, DOTD et al.
Lester J. Gauthier, Jr., Lafayette, for City of Lafayette.
Before LABORDE, KNOLL and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a judgment granting the State of Louisiana, Department of Transportation and Development's motion for summary judgment and dismissing it from the lawsuit.

FACTS
On March 22, 1990, plaintiff, Paul R. Green, was travelling on Highway 90 in Lafayette, Louisiana when an unknown pedestrian entered his lane of travel, causing him to swerve to avoid a collision. This evasive maneuver caused plaintiff to lose control of his vehicle and crash into a light fixture bordering the highway. The light fixture is supported by a concrete pedestal base which is located flush against the curb on the right-of-way adjacent to the roadway.
Plaintiff filed suit against the City of Lafayette (City) and the State of Louisiana, Department of Transportation and Development (DOTD), claiming they were jointly negligent in the placement of the light fixture next to the roadway. The City owns the light fixture and installed it in its present location. Ownership of the right-of-way upon which the light fixture is located has not yet been determined.
DOTD filed a motion for summary judgment, asserting that it should be dismissed from the lawsuit because it did not own, design, install, or maintain the concrete pedestal and light fixture. The motion for summary judgment was granted by the trial court and DOTD was dismissed from the lawsuit. Plaintiff and the City appeal the judgment of dismissal and assert that the trial court erred in granting the motion for summary judgment because there is a genuine issue of material fact regarding the ownership of the right-of-way on which the light fixture is located.

LAW
Appellate review of a summary judgment is de novo and the court uses the same criteria used by the trial court in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
DOTD argues that summary judgment was proper because it cannot be liable for plaintiff's damages. We disagree.
*172 DOTD has a duty to travelers to keep the highways and their shoulders in a reasonably safe condition. Myers v. State Farm Mut. Auto. Ins. Co., 493 So.2d 1170 (La.1986). "Although DOTD is not an insurer of the safety of motorists using state highways, it cannot knowingly allow a condition to exist which is hazardous to a reasonably prudent motorist." Deville v. State, Through DOTD, 498 So.2d 1142, 1144 (La. App. 3 Cir.1986). DOTD has a duty to remove obstacles which are dangerously close to the travelled portion of the highway. Wilson v. State, Through Dept. of Highways, 364 So.2d 1313 (La.App. 3 Cir.1978), writ denied, 366 So.2d 563 (La.1979); Bethea v. La. Dept. of Transp. & Development, 415 So.2d 535 (La.App. 1 Cir.1982).
DOTD argues that it cannot be liable because the light fixture was not located on a highway "shoulder," which La.R.S. 48:1(21) defines as "the portion of the highway contiguous with the roadway for accommodation for stopped vehicles, for emergency use and for lateral support of base and surface." We find the argument for such a limitation of DOTD's liability is not supported by the jurisprudence. This court in Wilson, supra, held DOTD liable where it had actual knowledge of the hazard presented by a tree located on private property along the highway right-of-way. Thus, DOTD may owe plaintiff a duty if the light fixture created a hazardous condition that was dangerously close to the highway, regardless of whether the strip of land on which the light fixture is located is called a "shoulder."
The determination of whether this condition is dangerous and hazardous to an ordinary and prudent driver is a factual one. Besnard v. Department of Highways, 381 So.2d 1303 (La.App. 4 Cir.), writ denied, 385 So.2d 1199 (La.1980). In deciding whether a factual issue is material, Penalber v. Blount, 550 So.2d 577, 583 (La.1989), provides:
"A `fact' is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are `material' if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute."
The burden of proof is on the party moving for summary judgment to establish there are no genuine issues of material fact; this burden is an exacting one. Id.
Plaintiff alleges the location of the light fixture is hazardous and the state had actual knowledge of the proximity of the light fixture to the roadway. Plaintiff must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the party moving for summary judgment. Schroeder, supra. The mere likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering summary judgment. Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3 Cir. 1983). Summary procedure should be used cautiously and sparingly, and any reasonable doubt should be resolved against the mover in favor of a full trial on the merits. Penalber, supra.
Plaintiff may be able to show the location of the light fixture was hazardous and establish that DOTD had a duty to prevent the placement of, or to remove, the light fixture from the edge of the roadway. Thus, summary judgment in favor of DOTD was improper. The judgment of the trial court dismissing DOTD from the lawsuit is reversed. Costs of this appeal are assessed to defendant-appellee.
REVERSED.
KNOLL, J., concurs in result and assigns reasons.
KNOLL, Judge, concurring.
I concur in the results. Liability is a disputed issue of material fact. It is well established that summary judgment cannot be used as a substitute for a trial. Iberia Sav. & Loan Assn. v. Warren, 569 So.2d 1118 (La.App. 3 Cir.1990), writ denied, 573 So.2d 1120 (La.1991).