JjPICKETT, Judge.
FACTS
Jimmy Thomas was driving north on Common Street in Lake Charles on August 31, 1995, in a pick up truck that was hauling a utility trailer. The trailer was loaded with pieces of plywood from a building Thomas was dismantling. Near the intersection of Esplanade Street, the load became dislodged and flew out of the trailer. A sheet of plywood from the trailer struck the van driven by Kimberly Be-noit, which was traveling south on Common Street. As a result, Kimberly Benoit sustained serious injuries, including a severely broken arm and a gash in her scalp.
Kimberly Benoit and her husband Brian filed suit against Jimmy Thomas and his insurer, Progressive Insurance Company, alleging his negligence caused the accident. The Benoits also named the State of Louisiana, through the Department of Transportation and Development (“DOTD”) as a party to the suit alleging DOTD carelessly maintained the shoulder of the road. Progressive deposited its policy limit into the registry of the court and was dismissed. A jury trial was held on March 13, 2001, on all other issues.
The jury found that DOTD was 74% at fault and Thomas was 26% at fault for the damages sustained by Kimberly Benoit. They awarded damages to Kimberly Be-noit as follows:
Past medical expenses $ 70,641.04
Future medical expenses $ 5,500.00
Past lost income $ 30,000.00
Past mental and physical pain and suffering $150,000.00
Future mental and physical pain and suffering $150,000.00
The jury awarded Brian Benoit $10,000 for loss of household services and $40,000 for loss of consortium. A judgment conforming with the jury verdict was signed by the trial court on April 9, 2001. From this judgment the state appeals.
I ¡.DISCUSSION
The appellant, the State of Louisiana through DOTD, alleges three assignments of error as follows:
1. The jury erred in concluding a shoulder defect created an unreasonable risk of harm which was a contributing cause of the August 31, 1995, accident.
2. The jury erred in apportioning 74% of the fault to DOTD and 26% of the fault to Jimmy Thomas.
*430 3. The jury erred in awarding to Kimberly Ann Benoit $30,000.00 in past lost wages because Ms. Benoit’s testimony was vague, insubstantial, contradicted, uncorroborated and self-serving.
Assignment of Error # 1
In its first assignment of error, the appellant argues that the jury erred in concluding a shoulder defect created an unreasonable risk of harm which was a contributing cause of the accident.
An appellate court may not set aside a trial court’s factual findings unless those findings are manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). An appellate court may not reverse a fact finder’s determination unless the court finds that no reasonable basis exists in the record to support the findings and that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987).
This court discussed the duty imposed on the state in maintaining the shoulders of public highways in Caruthers v. State, through Dept. of Transp. And Dev., 97-1450, p. 6 (La.App. 3 Cir. 4/15/98); 711 So.2d 420, 423 (alteration in original):
In determining whether the shoulder or slope of a roadway was negligently maintained, this court has held that “[cjausation is a question of fact as to which the trial court’s determinations are entitled great weight and should not be disturbed absent manifest error.” Brown v. Department of Transportation, 604 So.2d 99, 102 (La.App. 3 Cir. 1992), citing Grappe v. State, Department of Transportation & Dev. 462 So.2d 1337, 1340 (La.App. 3 Cir.1985).
Under Louisiana jurisprudence and statutory law, DOTD is required to maintain highways in a reasonable safe condition for motorists. Although DOTD is not an insurer of the safety of a motorist using state highways, it cannot knowingly allow a hazardous condition to exist. Included within DOTD’s duties is the maintenance of highway shoulders. Brown, 604 So.2d at 102 (citations omitted); see also La.R.S. 48:21. DOTD’s “duty to maintain highway shoulders is imposed to protect a motorist from the risk of injury produced by a combination of the motorist’s inadvertent encounter with an unexpected, sharp drop-off from the roadway [,] and [his] consequent instinctive oversteering of [his] vehicle.” Tassin v. State Farm Ins. Co., 96-754, p. 4 (La.App. 3 Cir. 1997); 692 So.2d 604, 606, citing LeBlanc v. State, 419 So.2d 853, 854 (La.1982).
“Liability based on negligence is imposed when DOTD is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time.” Tassin, 692 So.2d at 606. The rationale for extending liability to drop-off victims is based on “an implicit necessity for the functional use of a shoulder [and] a connection between the roadway and shoulder that allows for safe gradual movement from one to the other.” Id., citing Sinitiere v. Lavergne, 391 So.2d 821, 825 (La.1980).
The inquiry before us, as to the issue of whether DOTD is liable, is whether 1) there was a defect in the shoulder, 2) DOTD had notice of the defect, and 3) the defect was a cause-in-fact of the accident.
The jury determined liability on the part of DOTD. There is ample evidence to support the jury’s finding. The records of the DOTD maintenance crews indicate that they repaired shoulders in the area two or three weeks before the accident. H.E. Caldwell, the District Maintenance Engineer with DOTD, testified that the type of repairs done on the highway typically do *431 not hold up longer than two weeks. Photographs taken just a day after the accident show a sizable defect in the shoulder near the point of impact. James Lock, the plaintiffs expert was of the opinion the trailer did hit the defect in the shoulder, which was an adequate disturbance to ultimately dislodge the load.
| ¿Although the state presented evidence to suggest otherwise, there is evidence in the record which supports a finding of liability against the state. We cannot, therefore find the jury manifestly erroneous in its determination.
Assignment of Error # 2
The state argues the jury erred in apportioning 74% of the fault to DOTD and 26% of the fault to Mr. Thomas. The state argues the fault of Mr. Thomas is more substantial because he failed to secure the sheet of plywood which struck the Benoit vehicle.
The allocation of percentages of fault among the parties is a factual determination which is subject to the manifest error standard of review. Clement v. Frey, 95-1119, 95-1163 (La.1/16/96), 666 So.2d 607.
We have reviewed the evidence presented to establish liability on the part of the state above. We must also review the evidence presented to establish Mr. Thomas’ liability.
Mr. Thomas was in the process of tearing down a building and salvaging the materials. He traveled this same route once or twice a day for two weeks prior to this accident, hauling similar loads. The trailer was a little over half loaded with 4' x 8' sheets of 3/4" plywood with nails in it, some molding and 2 x 4’s. The load was a little over a foot from the top of the sides of the trailer. The load was not tied down.
IfjMr. Thomas’ failure to secure the load is clearly in violation of La.R.S. 32:383.[1] The violation of this statute is *432 negligence per se. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Under the facts of the instant case, we find the jury’s determination as to the percent of liable assessed to each party to be manifestly erroneous. We find a proper assessment of damages to be 50% to DOTD, the appellant herein, and 50% to Mr. Thomas.
Accordingly, we amend the judgement of the trial court to reflect these percentages. Assignment of Error # S
 The appellant argues the jury erred in awarding past lost wages of $30,000 to Kimberly Ann Benoit. We find no merit to this argument.
There was evidence presented that the appellee earned $20,000.00 a year and missed a year and a half of work. There was a basis for the award by the jury and, therefore, it cannot be manifestly erroneous.
CONCLUSION
The judgment of the trial court is amended to apportion fault equally between Jimmy Thomas and the State of Louisiana, through DOTD. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellee, Kimberly Ann Be-noit.
AFFIRMED AS AMENDED.

. La.R.S. 32:383 states:
A.(1) The load on a vehicle shall not drop, sift, leak, or otherwise escape therefrom, except that sand may be dropped on a highway to secure traction or a liquid substance may be dropped on a highway to clean or maintain such highway.
(2) Any load of garbage, refuse, sludge, and other discarded material being transported by a commercial hauler shall be covered while being transported in such a manner as to prevent the load from spilling or dropping from the vehicle.
(3) Any violation of Paragraph (2) of this Subsection for failure to cover any load of garbage, refuse, sludge, and other discarded material shall be punishable by a fine of not more than five hundred dollars or by imprisonment for not more than six months, or both.
(4) The penalty provisions of Paragraph (3) of this Subsection shall not apply when the load was properly covered and subsequently became uncovered as the result of an accident or circumstances beyond the control of the operator of the vehicle.
B. (1) The load on any vehicle shall be securely fastened so as to prevent the covering or load from becoming loose, detached, or in any manner a hazard to other users of the highway.
(2) Freight containers, as defined in 49 CFR 171.8, used in both the waterborne transport of cargo and in. the overland transport of cargo shall be properly secured so as to prevent the container from becoming loose, detached, or in any manner a hazard to other users of the highway.
(3) Any violation of Paragraph (2) of this Subsection shall be punishable by a fine of not more than five hundred dollars or by imprisonment for not more than six months, or both.
(4) The penalty provisions of R.S. 32:383(B)(3) shall not apply when the freight container was properly secured and subsequently became loose or detached as the result of an accident or circumstances beyond the control of the operator of the vehicle.
C. "Loose material” means dirt, sand, gravel, or other material that is capable of blowing or spilling from a vehicle as a *432 result of movement or exposure to air, wind currents, or weather, but shall not include agricultural products in their natural state or wood chips.